JiDOUCET, Chief Judge.
The claimant, Troy L. Sanders, appeals the hearing officer’s determination that his worker’s compensation claim has prescribed.
It appears that Sanders was employed as a cook at the Hotel Bentley in Alexandria, Louisiana from February 15, 1989 through February 2, 1995. He apparently alleges that he was injured in the course and scope of his employment onJjMay 17, 1992, when he suffered an ulcer attack that required surgical intervention. Sanders apparently claims that the ulcer resulted from on-the-job stress.
*712 While the records of the previous attempts .to claim worker’s compensation benefits are not of record, the defendant concedes that Sanders made claims for benefits twice before the current claim. The first claim is alleged to have been filed in June 1992 and to have been dismissed without prejudice at the claimant’s request. A second claim was allegedly filed a few months later. It, too, was allegedly dismissed without prejudice, this time as the result of claimant’s failure to attend a pre-trial conference. Sanders filed this claim on April 7, 1995, alleging injury from the same May 17, 1992 incident. The Hotel Bentley filed exceptions of prescription and no cause of action.
On December 18, 1995, after a hearing on the exceptions, the hearing officer granted the exception of prescription and dismissed claimant’s action with prejudice. Claimant appeals.
La.R.S. 23:1209 provides the prescriptive period within which a claim for worker’s compensation benefits must be filed.
A. In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter. Where such payments have been made in any ease, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4). Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred ^unless the proceedings have been begun within two years from the date of the accident.
(Footnote omitted.)
The record does not reflect the payment of any benefits to Sanders. The current claim for benefits was filed more than one year after the date on which the “accident” is alleged to have occurred. Ordinarily, this matter would be prescribed on its face. However, given the procedural history of the case, we will examine the effect of the earlier filings on prescription.
La.Civ.Code art. 3463 provides that:
An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues as long as the suit is pending. Interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses, or fails to prosecute the suit at the trial.
Since the claimant voluntarily dismissed his first claim, interruption of prescription is considered never to have occurred. The situation is less clear as to the claimant’s second claim. However, even if we consider the prescriptive period to have been interrupted while that claim was pending, that interruption continues only as long as the suit was pending. The second claim was dismissed in December 1992. Prescription began to run anew at the time of the dismissal of the claim. More than two years passed before Sanders filed the current claim in April 1995.
At the hearing on the exceptions, the claimant alleged that he had dismissed his first claim because of pressure from his employer. However, he filed a second claim within the prescriptive period. There is no evidence or argument that this claim was dismissed because of employer pressure. Therefore, we find that the possibility that the claimant was pressured into dismissing his first claim does not affect the running of prescription following the dismissal of his second claim. Therefore, the hearing officer correctly determined that the claim had prescribed.
*713 14Accordingly, the judgment of the hearing officer is affirmed. Costs of this appeal are assessed to the claimant, Troy L. Sanders.
AFFIRMED.