I t GRISBAUM, J.
The plaintiff-appellant, Mickey Bruce, appeals the trial court’s judgment granting defendant-appellee’s, Gary Becnel d/b/a Greater Southern Homes, Inc., exception of prescription. We reverse and remand. ISSUE
The ultimate issue presented is whether the trial court erred in granting defendant-appellee’s peremptory exception of prescription.

FACTS AND PROCEDURAL HISTORY

The plaintiff, Mickey Bruce, was injured on August 21,1991 in the course and scope of his employment with Agape Air Conditioning (hereinafter “Agape”). He filed suit for workers’ compensation benefits against his employer, and, in an amended petition, named Gary Becnel d/b/a Greater Southern Homes, Inc. (hereinafter “Mr. Becnel”), as a co-defendant. Mr. Becnel was the general | ¡.contractor for the house where the plaintiff was injured; thus, Mr. Becnel was plaintiffs statutory employer.
Plaintiff filed a claim for workers’ compensation benefits against his immediate employer on November 21, 1991 and, on May 22, 1982, he filed an amended petition adding Mr. Becnel as plaintiffs statutory employer and State Farm as Agape’s workers’ compensation insurer. Attempts to serve Mr. Becnel were unsuccessful; thus, he was never served with this petition.
On July 31, 1992, Mr. Bruce filed a tort suit against Mr. Becnel. Mr. Becnel received service of this petition on May 13, 1993. On November 2, 1998, judgment was entered dismissing Mr. Becnel from plaintiffs negligence action on the grounds that plaintiffs only claim against him as a statutory employer was for workers’ compensation benefits.
*649 On February B, 1993, a trial on the merits of plaintiffs workers’ compensation suit was held against all defendants except Mr. Becnel. Judgment was entered on February 8, 1993, dismissing State Farm, Agape’s insurer, because coverage had expired at the time of plaintiffs accident. Plaintiff was awarded benefits totaling $18,523.98 against his immediate employer, Agape. Even though Mr. Becnel was named as a co-defendant, judgment was never entered in reference to him in this workers’ compensation suit.
Agape paid the plaintiff benefits in $500 installments for six months. Mr. Bruce received his last installment from Agape in August 1993. Agape was uninsured and in financial distress; thus, it was unable to make the payments. On October 5, 1993, Mr. Bruce filed a rule to accelerate the installment judgment, to make it executo-ry, and to examine the judgment debtor, which was granted on February 8, 1995.
Finally, on April 15, 1998, plaintiff filed a “disputed claim for compensation,” naming Mr. Becnel as a defendant in his capacity as plaintiffs statutory employer. Mr. Becnel received service of this claim on August 19, 1998. Defendant filed a Isperemptory exception of prescription, which the trial court granted. In the trial court’s oral Reasons for Judgment, it dismissed plaintiffs suit on the grounds that it is prescribed, for lack of prosecution, and that it is barred by judicial estoppel and waiver. Plaintiff appeals the trial court’s grant of defendant’s peremptory exception of prescription.

LAW AND ANALYSIS

The appellant contends the trial court erred in granting appellee’s peremptory exception of prescription. In the trial court’s oral Reasons for Judgment, the trial court dismissed appellee’s claim finding it was prescribed, that plaintiff had failed to prosecute it for a period of five years, and under the theory of judicial estoppel and waiver. We will address each of these issues separately.
We initially note that judicial es-toppel does not apply in Louisiana; thus, it is unnecessary for us to address it. Miramon v.. Woods, 25,850 (La.App.2d Cir. 6/22/94), 639 So.2d 353 (citations omitted). “Judicial estoppel is a variation of the common law concept of res judicata.” Id. at 358; SJ v. PM, 586 So.2d 662 (La.App. 2d Cir.1991). Res judicata does not bar appellant’s workers’ compensation claim against Mr. Becnel because judgment was never entered against him in appellant’s initial workers’ compensation suit. Thus, there is no final judgment in a workers’ compensation suit between the same parties, appellant and appellee, as required by La.R.S. 13:4231.

Prescription

A claim for workers’ compensation benefits is barred unless a formal claim is filed “within one year after the accident or death [or] the parties have agreed upon the payments to be made.... ” La.R.S. 23:1209(A). “Prescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue....” La. Civ. Code art. 3462.
l/The record reflects that prescription was interrupted against Mr. Becnel when he was added to appellant’s workers’ compensation claim against Agape as a co-defendant on May 22, 1992. This suit was pending until judgment was entered as to Agape and State Farm, Agape’s insurer, on February 8, 1993. On July 31, 1992, appellant filed a tort suit in Civil District Court for the Parish of Orleans against Mr. Becnel, which was pending until judgment was entered, dismissing Mr. Becnel on November 2, 1998. Thus, when appellant filed his disputed claim for compensation against Mr. Becnel, prescription was interrupted by the tort suit, which appellant had filed against him in Orleans Parish. Therefore, a year did not pass where prescription was not interrupted by either a workers’ compensation claim or a tort *650 suit appellant had pending against Mr. Becnel. Accordingly, appellant’s workers’ compensation claim against Mr. Becnel is not barred by prescription, and the trial court erred in granting appellee’s exception of prescription.

Dismissal for Lack of Prosecution

La.R.S. 23:1209(D) provides:
When a petition for compensation has been initiated as provided in Section 1310.3, unless the claimant shall in good faith request a hearing and final determination thereon within five years from the date the petition is initiated, same shall be barred as the basis of any claim for compensation under the Worker’s Compensation Act and shall be dismissed by the office for want of prosecution, which action shall operate as a final adjudication of the right to claim compensation thereunder.
In 'appellant’s initial workers’ compensation suit in which Mr. Becnel was a co-defendant, trial was held and judgment was entered against all defendants, except Mr. Becnel. The only reason we can conclude that Mr. Becnel was not part of this trial or judgment is because appellant was never able to serve him with the petition, even though several attempts were made. Once judgment was entered in this suit, prescription began to run anew. Sanders v. Hotel Bentley, 96-1140 (La.App. 3d Cir. 2/19/97), 689 So.2d 711. As stated above, prescription was still interrupted against Mr. Becnel pursuant to the tort suit appellant had pending against him. The present workers’ compensation claim against Mr. Becnel was filed on November 15, 1998. It is clear that five years have not elapsed in which the claimant has failed to request a hearing and final determination. Accordingly, this claim cannot be dismissed under the theory of dismissal for lack of prosecution. ,
For the reasons assigned, we reverse the Office of Workers’ Compensation’s judgment and remand for further proceedings consistent with the reasons expressed herein.

REVERSED AND REMANDED.