J^JONZALES, J.
In this appeal, Superior Cable Installation, Inc. (SCI), an employer, challenges a judgment of the Office' of Workers’ Compensation (OWC), imposing a penalty upon SCI for failure to secure workers’ compensation insurance for a former employee, Matthew C. Hurt, in conformity with the requirements of La. R.S. 23:1168.
FACTUAL AND PROCEDURAL BACKGROUND
Mr. Hurt was paid by SCI to perform cable installation. After a job-related injury which occurred on January 31, 1998, Louisiana Workers’ Compensation Corporation (LWCC), SCI’s workers’ compensation insurer, began paying workers’ compensation benefits to Mr. Hurt. On January 31, 1999, Mr. Hurt wrote a letter to Frank Volenski, vice-president of SCI, claiming SCI had wrongfully deducted workers’ compensation insurance premiums from his pay, and demanding a refund of these premiums. On February 11, 1999, Mr. Hurt filed a disputed claim for compensation with the OWC, alleging he had wrongfully been required to pay for his own workers’ compensation insurance.
On April 21, 1999, SCI filed an exception of lack of subject matter jurisdiction, stating Mr. Hurt’s contention that SCI wrongfully deducted workers’ compensation insurance premiums from his pay alleged a violation of La. R.S. 23:1163, which was a criminal statute over which the OWC had no jurisdiction. On April 23, 1999, Mr. Hurt filed an amended disputed claim for compensation, seeking a refund of the wrongfully deducted premiums, attorney fees, penalties, and an “additional amount of 50% of benefits for 60 weeks for [SCI’s] failure to provide workers’ compensation insurance .” On June 10, • 1999, the workers’ compensation judge granted SCI’s exception of lack of subject matter jurisdiction, dismissing Mr. Hurt’s claim “insofar as claimant alleges a cause of action under LSA-R.S. 23:1163.”
By joint stipulation filed into the record on August 26, 1999, the parties stipulated as follows:
|sl. Matthew C. Hurt has been paid and continues to be paid indemnity benefits by Louisiana Workers!’] Compensation Corporation under a workers’ compensation insurance policy issued to Superior Cable Installations, Inc.
2. The premiums for Matthew C. Hurt’s compensation coverage were deducted from amounts due Matthew C. Hurt from [Superior] Cable Installation, Inc.
3. The parties hereby stipulate that the parties will submit the matter on briefs and will not appear at the trial scheduled for August 30, 1999 at 9:00 a.m.
4. Superior Cable Installation, Inc. does not contest claimant’s eligibility for indemnity benefits and medical expenses.
In a judgment dated September 29, 1999, the workers’ compensation judge determined SCI “failed to [conform] to La. R.S. 23:1168 and therefore, must pay the penalty called for in La. R.S. 23:1171.2, and pay to Matthew C. Hurt, claimant herein, 50% additional weekly workers’ compensation paymentfe].”
SCI appeals from this adverse judgment, contending the workers’ compensation judge erred in awarding penalties to Mr. Hurt under La. R.S. 23:1171.2, and further erred in awarding the penalties based on the joint stipulation submitted by the parties.
DISCUSSION
The issue to be decided is whether an employer’s deduction of workers’ compensation insurance premiums from an employee’s pay, a violation of La. R.S. 23:1163, also constitutes a violation of the employer’s duty under La. R.S. 23:1168 to secure compensation to his employees, so as to render the employee liable for penalties under La. R.S. 23:1171.2.
*707 Generally, under Louisiana’s workers’ compensation laws, an employee who receives personal injury by accident arising out of and in the course of his employment is entitled to compensation benefits from his employer. La. R.S. 23:1031(A).[1] An employer |4shall secure compensation to his employees (1) by insuring and keeping insured the payment of such compensation with an authorized workers’ compensation insurer, (2) by using any combination of life, accident, health, property, casualty, or other insurance policies offered by authorized insurers, or (3) by furnishing satisfactory proof of the employer’s financial ability to pay such compensation. La. R.S. 23:1168(A).[2] Where an employer has failed to provide security for compensation as required by La. R.S. 23:1168, the amount of weekly compensation provided by the workers’ compensation statutes shall be increased by 50 percent. La. R.S. 23:1171.2.[3] Further, it is unlawful for any employer to collect from his employees any amount for the purpose of paying the premium on compensation insurance. La. R.S. 23:1163(A). • Any employer who violates La. R.S. |523:1163 shall be fined not more than $500.00, or imprisoned with or without hard labor for not more than one year, or both. La. R.S. 23:1163(C).[4]
*708 The workers’ compensation judge determined SCI violated La. R.S. 23:1168 by withholding the premium for workers’ compensation insurance from Mr. Hurt’s “wages.” The trial court further determined that this violation of La. R.S. 28:1163 also constituted a violation of SCI’s duty to secure compensation to its employees under La. R.S. 23:1168, and SCI’s failure to comply with La. R.S. 23:1168 rendered SCI liable to Mr. Hurt for additional payments of compensation benefits as provided in La. R.S. 23:1171.2.
In assignment of error number one, SCI argues the penalty provided by La. R.S. 23:1171.2 is not meant to address a violation of La. R.S. 23:1163, because La. R.S. 23:1163 contains its own penalty provisions. SCI argues Mr. Hurt’s remedy for SCI’s alleged wrongful deduction of the workers’ compensation insurance premium from his pay is not' a penalty action under La. R.S. 23:1171.2, but rather a separate civil action filed in a district court for recovery of the sums allegedly illegally deducted. In its brief, SCI alleges Mr. Hurt has filed such an action, and the suit is currently pending in the Twenty-First Judicial District Court.
In Chevalier v. L.H. Bossier, Inc., 95-2075 (La.7/2/96), 676 So.2d 1072, 1076, the Louisiana Supreme Court held that, although La. R.S. 23:1163 provides a criminal | fiSanction for violation of its provisions, the statute does not provide an employee with a private cause of action against his employer for the employer’s violation of the statute. In reasons for judgment, the workers’ compensation judge noted the Chevalier holding, but determined the subsequent enactment of La. R.S. 23:1171.2 created a private cause of action in favor of Mr. Hurt for SCI’s violation of La. R.S. 23:1163.
Because La. R.S. 23:1171.2 requires the payment of additional workers’ compensation benefits when an employer fails to comply with La. R.S. 23:1168, we characterize it as a penal statute which must be strictly construed. See Williams v. Rush Masonry, Inc., 98-2271 (La.6/29/99), 737 So.2d 41, 46; Bergeron v. Watkins, 98-0717 (La.App. 1 Cir. 3/2/99), 731 So.2d 399, 402.
Louisiana Revised Statute 23:1168 requires an employer to secure workers’ compensation insurance to hi’s employees by any of several methods. In this case, it is undisputed that SCI “secured” workers’ compensation insurance from LWCC, a workers’ compensation insurer. The wrongdoing of which Mr. Hurt complains is not that SCI failed to secure workers’ compensation insurance, but that SCI wrongfully deducted the premiums for that insurance from his pay. Under the rule of strict construction, we conclude this alleged wrongdoing would constitute a violation of La. R.S. 23:1163(A), not a violation of La. R.S. 23:1168. Had the legislature intended to provide a private cause of action for a violation of La. R.S. 23:1163(A), such would logically be included in La. R.S. 23:1163. Or, had the legislature intended that La. R.S. 23:1171.2 provide a private cause of action for the violation of La. R.S. 23:1163, the statute would specifically refer to La. R.S. 23:1163, rather than limiting its effect to “any case where the employer has failed to provide security for compensation as required by R.S. 23:1168.” The function of courts, in construing statutes, is to interpret legislative will, and not to supplement or supply it. See Levy v. New Orleans & Northeast *709 ern R. Co., 20 So.2d 559, 562 (La.App. 1945). Although Mr. Hurt may be successful in his separate civil action against SCI for recovery of the withheld premiums, he does not have a cause of faction against SCI under La. R.S. 23:1171.2. The workers’ compensation judge erred in interpreting La. R.S. 23:1171.2 too broadly.
For the foregoing reasons, the workers’ compensation judgment, wherein the workers’ compensation judge ordered SCI to pay Mr. Hurt 50 percent additional weekly workers’ compensation payments, is REVERSED. Costs of this appeal are assessed to Mr. Hurt.[5]

. Louisiana Revised Statute 23:1031(A) provides:
If an employee not otherwise eliminated from the benefits of this Chapter receives personal injury by accident arising out of and in the course of his employment, his employer shall pay compensation in the amounts, on the conditions, and to the person or persons hereinafter designated.

. Louisiana Revised Statute 23:1168(A) provides, in pertinent part:
An employer shall secure compensation to his employees in one of the following ways:
(1) By insuring and keeping insured the payment of such compensation with any stock corporation, mutual association, or other concern authorized to transact the business of workers’ compensation insurance in this state, including group self-insurance as authorized in R.S. 23:1191 et séq. or R.S. 33:1341 et seq.
(2)(a) By using any combination of life, accident, health, property, casualty or other insurance policies offered:
(i) By any stock corporation, mutual association or other concern authorized to transact the business of [insurance in this state;
(ii) By any group of individual, unincorporated alien insurers with assets held in trust for the benefit of its United States policyholders in a sum not less than one hundred million dollars and which is authorized to transact insurance in at least one state; or
(iii) By any other insurer which has been approved by the commissioner of insurance, and has capital and surplus, or the equivalent thereof, of at least ten million dollars and its financial condition, as evidenced by its most recent annual statement, conforms substantially to the same standards of solvency which would be required if such insurer were licensed in this state.
(b) Any aggregate of policies that offer benefits in satisfaction of an employer’s workers’ compensation obligations pursuant to this Chapter shall provide that the insurers are liable directly to the employee for all legally payable workers' compensation benefits payable to the employee under this Chapter, without limitation or exclusion[.] ...
(3)By furnishing satisfactory proof to the director of the employer’s financial ability to pay such compensation....

. Louisiana Revised Statute 23:1171.2 provides:
The amount of weekly compensation provided in this Chapter shall be increased by fifty percent in any case where the employer has failed to provide security for compensation as required by R.S. 23:1168.

. Louisiana Revised Statute 23:1163 provides:
A. It shall be unlawful for any employer, or his agent or representative, to collect from any of his employees directly or indirectly either by way of deduction from the employee’s wages, salary, compensation, or otherwise, any amount whatever, or to demand, request, or accept any amount from any employee, either for the purpose of paying the premium in whole or in part on any liability or compensation insurance of any kind whatever on behalf of any employee or to reimburse such employer in whole or in part for any premium on any insurance against any liability whatever to any employee or for the purpose of the employer carrying any such insurance for the employer’s own account, or to demand or request of any employee to make any pay *708 ment or contribution for any such purpose to any other person.
B. Nothing herein shall be construed to prevent any employer from carrying his own insurance towards his own employees; nothing herein shall apply to an employer qualified under the laws of this state to engage in the liability insurance business.
C. Whoever violates any provision of this Section shall be fined not more than five hundred dollars, or imprisoned with or without hard labor for not more than one year, or both.

. Because we resolve this appeal on the issue presented in SCI's assignment of error number one, we need not address SCI’s assignment of error number two.