836 So.2d 191 (2002)
Floyd ISAAC
v.
Vanterry LATHAN d/b/a T & T Subcontractors, Hungry Hobo Restaurant, Inc., Wurster Oil Company and Petron, Inc.
No. 2001-CA-2639.
Court of Appeal of Louisiana, First Circuit.
November 8, 2002.
*193 Vijay Venkataraman, Baton Rouge, for Plaintiff/Appellee, Floyd Isaac.
Charles A. Schutte, Baton Rouge, for Defendant/Appellant, Petron, Inc.
L.D. Sledge, Baton Rouge, for Defendant, Vanterry Lathan d/b/a T & T Subcontractors.
Before: CARTER, C.J., WHIPPLE and CIACCIO, JJ.[1]
WHIPPLE, J.
In this workers' compensation dispute, defendant Petron, Inc. appeals the OWC judgment, awarding plaintiff, Floyd Isaac, temporary total disability benefits, medical benefits, penalties pursuant to LSA-R.S. 23:1171.2 and 23:1201 and attorney's fees pursuant to LSA-R.S. 23:1201. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY
On September 30, 1995, Floyd Isaac, while employed as a laborer by Vanterry Lathan d/b/a/ T & T Subcontractors ("Lathan"), was injured in the course and scope of his employment. On that date, Isaac was performing cement finishing work on a parking lot at the Hungry Hobo Restaurant in Henderson, Louisiana.
Petron, Inc. had entered contracted to perform construction and renovation work on the restaurant. Petron, as general contractor, then subcontracted with Lathan, Isaac's employer, to perform the cement work for the parking lot. While Isaac was performing his job, a co-worker, David Ellis, suddenly struck him in the head with a claw hammer. Isaac was treated in the emergency room of Gary Memorial Hospital where the wound on his head was sutured. A CT scan performed at a later date revealed that Isaac had also suffered a skull fracture. Following the work injury, neither Lathan nor Petron paid Isaac any workers' compensation indemnity or medical benefits.
Almost three years later, on September 23, 1998, Isaac filed a disputed claim for compensation against Lathan. Thereafter, Isaac amended his claim to name Petron, among others, as an additional defendant. Petron responded by filing a peremptory exception raising the objection of prescription, contending that because Isaac's claim was not filed until more than one year after his injury, his claim for workers' compensation benefits had prescribed.
In opposition to the exception, Isaac noted that on September 24, 1996, less than one year after the injury, he had filed a petition for damages arising out of this incident in the Sixteenth Judicial District Court and that Petron had been named as a defendant in that suit. Isaac further noted that Petron was not dismissed as a defendant in the tort suit until October 9, 1998, subsequent to Isaac's filing of the present workers' compensation claim. Accordingly, Isaac asserted, the filing of the tort suit had interrupted prescription as to *194 Petron, and his workers' compensation claim was timely filed.
Following a hearing on the exception, the workers' compensation judge denied the exception. Thereafter, the matter proceeded to trial against Lathan and Petron. Petron stipulated that it was Isaac's statutory employer pursuant to LSA-R.S. 23:1061. Following trial, the workers' compensation judge rendered judgment in favor of Isaac and against Petron and Lathan, awarding Isaac temporary total disability benefits for the period of September 30, 1995 through October 23, 1995, and reimbursement of medical expenses incurred.[2] Additionally, the workers' compensation judge ordered defendants to pay penalties pursuant to LSA-R.S. 23:1171.2 and 23:1201, as well as attorney's fees pursuant to LSA-R.S. 23:1201.
Petron appeals, contending that the workers' compensation judge erred in denying its exception of prescription and in awarding penalties and attorney's fees. Isaac answered the appeal, contending that the workers' compensation judge erred in ruling that his right to temporary total disability benefits terminated on October 23, 1995, despite medical evidence that he could perform "no work until release[d] by neurosurgery." Isaac also seeks an increase in the sum of attorney's fees awarded to reflect the additional work performed in defending this appeal.

PRESCRIPTION (Assignment of Error No. 1)
In its first assignment of error, Petron contends that the workers' compensation judge erred in denying its exception of prescription, asserting that the filing of the tort suit did not interrupt prescription against it as to Isaac's workers' compensation claim.
Louisiana Revised Statute 23:1209 provides a one-year prescriptive period for workers' compensation claims. Because Isaac's disputed claim for compensation was filed more than one year after the work injury, the action had prescribed on its face. In such a circumstance, the plaintiff carries the burden of proving that prescription was interrupted, suspended or renounced. Gary v. Camden Fire Insurance Company, 96-0055, p. 3 (La.7/2/96), 676 So.2d 553, 555.
Louisiana Civil Code article 3462 provides that prescription is interrupted when suit is filed in a court of competent jurisdiction. The interruption of prescription resulting from the filing of suit in a court of competent jurisdiction within the prescriptive period continues as long as the suit is pending. LSA-C.C. art. 3463.
Applying these principles, the Louisiana Supreme Court in Parker v. Southern American Insurance Co., 590 So.2d 55, 56-57 (La.1991), held that prescription on a tort action by an employee against an employer was interrupted by the filing of a prior worker's compensation action where both actions were based on the same occurrence, i.e., the accidental injury and corresponding monetary liability of the employer, and the employer had notice of the factual elements of the action.
Similarly, in Scott v. Sears, Roebuck and Co., 99-0571, pp. 5-6 (La.App. 1st Cir.12/22/00), 778 So.2d 50, 53-54, this court held that where an employee timely filed a claim for workers' compensation benefits against her employer and that claim had not yet been dismissed, prescription remained interrupted with regard to *195 her subsequently-filed tort claim against the employer.
In the reverse situation, where a tort suit was filed prior to the workers' compensation claim, the Fifth Circuit Court of Appeal has similarly held that the employee's filing of a tort suit against his statutory employer interrupted prescription as to a subsequently-filed workers' compensation claim by the employee against the statutory employer. Bruce v. Becnel, 98-1349, p. 4 (La.App. 5th Cir.10/13/99), 747 So.2d 647, 649-650, writ denied, 99-3250 (La.1/28/00), 753 So.2d 830. In Bruce, the employee filed a tort suit in Civil District Court for the Parish of Orleans against his statutory employer, which was still pending against the statutory employer when the employee filed a disputed clam for compensation. The appellate court held that when the employee filed his disputed claim for compensation against the statutory employer, prescription was interrupted by the tort suit which the employee had filed against him in Orleans Parish. Accordingly, on appeal, the court concluded that the employee's workers' compensation claim against the statutory employer was not barred by prescription. Bruce, 98-1349 at p. 4, 747 So.2d at 649-650.
Similarly, the Fourth Circuit Court of Appeal has held that prescription is interrupted as to the employee's workers' compensation claim against his employer where a timely claim in tort detailed the factual situation and alleged tortious conduct upon which the suit was based and the compensation claim arose out of the same set of circumstances. See Cryer v. Tenneco Oil Company, 615 So.2d 1070, 1071-1072 (La.App. 4th Cir.1993).
Also, the Second Circuit Court of Appeal has held that where an employee is injured in one distinct accident, the timely filing of a tort demand against the employer interrupts prescription on a workers' compensation demand that is later made against the same employer. See Burrier v. Malmac Energy Corporation, 592 So.2d 1370, 1372 (La.App. 2nd Cir.1992).
Turning to the case before us, we first note that the tort claim in which Petron was named as a defendant was filed by Isaac in a court of competent jurisdiction and proper venue. In the petition, Isaac outlined the facts giving rise to his injuries, i.e., being struck in the head with a hammer by a co-worker while working on the construction site of the Hungry Hobo Restaurant. Moreover, Petron made a general appearance in that suit, and Isaac's tort claim against Petron was not dismissed until after the workers' compensation claim was instituted.
Accordingly, where both the tort action and workers' compensation action against Petron were based on the same occurrence, i.e., the work-related injury and corresponding monetary liability of Petron, and where Petron had notice of the factual elements of the action, we find no error in the workers' compensation judge's conclusion that the timely-filed tort action interrupted prescription as to Isaac's subsequent workers' compensation claim against Petron. This assignment of error lacks merit.

AWARD OF PENALTIES AGAINST PETRON PURSUANT TO LSA-R.S. 23:1171.2 (Assignment of Error No. 2)
Petron further contends that the workers' compensation judge erred in assessing penalties against it pursuant to LSA-R.S. 23:1171.2, based upon a finding that it was solidarily liable with Lathan for this penalty.
Pursuant to LSA-R.S. 23:1168, an employer must provide security to insure that compensation benefits are paid by any of several methods, including securing insurance *196 or qualifying as a self-insured employer. Louisiana Revised Statute 23:1171.2 provides that "[t]he amount of weekly compensation provided in this Chapter shall be increased by fifty percent in any case where the employer has failed to provide security for compensation as required by R.S. 23:1168." Because LSA-R.S. 23:1171.2 requires the payment of additional workers' compensation benefits when an employer fails to comply with LSA-R.S. 23:1168, this court has characterized it as a penal statute which must be strictly construed. Hurt v. Superior Cable Installation, Inc., 99-2982, p. 6 (La.App. 1st Cir.5/12/00), 762 So.2d 705, 708, writ not considered, XXXX-XXXX (La.9/29/00), 769 So.2d 549.
The record before us reveals that Lathan did not have workers' compensation insurance at the time of the incident in question and was not qualified as a self-insured employer. However, Petron contends on appeal that it was unaware that Lathan did not have workers' compensation insurance in effect at the time of the incident, nor was there any evidence that Petron itself had violated the provisions of LSA-R.S. 23:1168. Accordingly, Petron asserts that there was no basis for holding Petron liable in solido for the penalty owed by Lathan.
Petron argues that while it is solidarily liable with Lathan, pursuant to LSA-R.S. 23:1061, for any workers' compensation benefits due, section 1061 imposes solidary liability only to the extent of benefits owed, and not for any penalty that may be owed independently by Lathan for violating LSA-R.S. 23:1168. Thus, Petron argues, because there is no evidence that Petron itself violated LSA-R.S. 23:1168 and because there is no legal basis for holding it liable in solido for Lathan's violation of this law, the workers' compensation judge erred in ordering Petron to pay the penalty imposed pursuant to LSA-R.S. 23:1171.2.
With regard to Petron's liability as Isaac's statutory employer for any penalty benefits owed, LSA-R.S. 23:1061(A)(1) provides that a statutory employer "shall be granted the exclusive remedy protections of R.S. 23:1032 and shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him." (Emphasis added).
Thus, the direct and statutory employers are solidarily liable for the entire amount of compensation owed. Gales v. Gold Bond Building Products, 493 So.2d 611, 615 (La.1986); Felan v. F & F Trucking, Inc., 97-983, p. 11 (La.App. 3rd Cir.2/4/98), 708 So.2d 430, 437, writ denied, 98-0595 (La.4/24/98), 717 So.2d 1172.
In considering the language of LSA-R.S. 23:1171.2, even under a strict construction, we note that the statute clearly provides that the amount of weekly compensation shall be increased by 50% where the employer has to provide security for compensation. Notably absent from this statute is any language limiting the obligation to pay this increase in weekly compensation to the immediate offending employer. By contrast, LSA-R.S. 23:1201, another penalty statute, specifically provides that the penalty therein shall be imposed upon the employer or insurer, "depending upon fault." LSA-R.S. 23:1201(F)(1).
Accordingly, given the plain language of LSA-R.S. 23:1171.2 and its absence of any language limiting this obligation to the immediate offending employer, and given the statutory employer's solidary liability for the entire amount of compensation owed, we find no error by the worker's compensation judge in holding Petron solidarily *197 liable for the 50% increase in weekly compensation benefits awarded herein.

AWARD OF PENALTIES AND ATTORNEY'S FEES AGAINST PETRON PURSUANT TO LSA-R.S. 23:1201 (Assignments of Error No. 3, 4, 5 & 6)
In these assignments of error, Petron contends that the workers' compensation judge erred in awarding penalties and attorney's fees against Petron for its failure to timely pay weekly indemnity benefits and medical expenses. Upon finding that Petron had failed to reasonably controvert Isaac's claims for weekly indemnity benefits and medical benefits, the workers' compensation judge awarded Isaac penalties in the amount of $2,000.00 and attorney's fees in the amount of $2,000.00 for failure to timely pay indemnity benefits. Additionally, the court awarded Isaac penalties in the amount of $2,000.00 and attorney's fees in the amount of $6,000.00 for failure to timely pay medical expenses.
Louisiana Revised Statute 23:1201(F) provides for the imposition of a twelve percent penalty on compensation and medical benefits that the employer or insurer fails to pay timely, together with reasonable attorney's fees for each disputed claim. Parfait v. Gulf Island Fabrication, Inc., 97-2104, p. 16 (La.App. 1st Cir.1/6/99), 733 So.2d 11, 24. However, penalties and attorney's fees are not to be assessed when the employee's right to such benefits has been reasonably controverted by the employer or insurer. LSA-R.S. 23:1201(F)(2); Parfait, 97-2104 at p. 16, 733 So.2d at 24. A claim is reasonably controverted if the employer or insurer had sufficient factual and medical information to reasonably counter the factual and medical information presented by the claimant. Parfait, 97-2104 at p. 16, 733 So.2d at 24. Whether the refusal to pay benefits warrants the imposition of penalties and attorney's fees is a factual question which will not be disturbed upon review in the absence of manifest error. Parfait, 97-2104 at pp. 16-17, 733 So.2d at 24.

Failure to Pay Weekly Indemnity Benefits
On appeal, Petron argues that because it was unable to accurately calculate Isaac's average weekly wage, as Lathan contended that no benefits were due, and because the evidence of the employer and claimant were "totally contradictory," it was not obligated to make payment of any indemnity benefits. We find no merit to these arguments.
First, with regard to Petron's alleged inability to determine Isaac's average weekly wage and corresponding compensation rate, the record before us contains no specific evidence of any efforts made by Petron to obtain this information from its subcontractor or any other source or of any factual information or basis upon which Petron relied in refusing to pay any benefits. Moreover, Petron's alleged confusion as to Isaac's exact wage certainly did not entitle Petron to refuse to pay Isaac any compensation at all.
Petron also suggests in its brief to this court that it was justified in refusing to pay Isaac any compensation benefits because it had relied upon the representation of Lathan, Isaac's direct employer, that there was a valid defense to any claim for benefits by Isaac.[3] Again, the record *198 is devoid of any information or factual basis upon which Petron relied in controverting this claim and concluding that no benefits were owed to Isaac. While Petron asserts that it took the depositions of Isaac and Lathan, there is no evidence that it conducted any further investigation into the incident or that it deposed or questioned any of the witnesses to the incident.
With regard to the testimony of Isaac and Lathan, Isaac testified that he was simply performing his job when, for no apparent reason, Ellis, a co-worker, suddenly hit him in the head with a hammer. Isaac denied that he had engaged in any type of verbal exchange with Ellis prior to the incident and further denied that he knew Ellis outside of the work setting. Moreover, although Isaac named numerous witnesses to this incident, there is no evidence of record to suggest that Petron questioned any of those individuals in an attempt to establish the validity or lack thereof of the claim, or the existence of any defense. Additionally, while Lathan suggested that Isaac and Ellis had experienced problems working together in the past, he acknowledged that at no time did he witness Isaac as the aggressor in this incident.
Based upon our review of the record, we conclude the finding of the workers' compensation judge that Petron had failed to reasonably controvert this claim is amply supported by the record. Accordingly, we find no error in the workers' compensation judge's award to Isaac of penalties and attorney's fees for Petron's unwarranted refusal to pay weekly compensation benefits due Isaac.

Failure to Pay Medical Expenses
Pursuant to LSA-R.S. 23:1201(E), medical benefits shall be paid within sixty days after the employer or insurer receives written notice thereof. On appeal, Petron contends that the workers' compensation judge erred in awarding penalties and attorney's fees for its failure to pay Isaac's medical expenses where "Isaac failed to present any evidence that he ever submitted the medical bills to Lathan, much less Petron." On review, we find no basis for Petron's assertion.
Instead, the record before us contains correspondence dated February 8, 2001 and February 12, 2001, from Isaac to Petron through which Isaac submitted medical bills he had incurred for payment by Petron. Both of these documents are marked "Hand Delivered," and Petron offered no evidence to contradict Isaac's assertion that these medical bills were hand delivered to Petron through counsel on the dates indicated. Moreover, the parties stipulated that as of the date of trial in this matter, June 25, 2001, no medical expenses had been paid to Isaac. Accordingly, we find no merit to Petron's argument that the workers' compensation judge committed manifest error in awarding penalties and attorney's fees for Petron's failure to timely pay medical benefits to Isaac.

LENGTH OF AWARD OF TEMPORARY TOTAL DISABILITY BENEFITS (Isaac's Answer to Appeal)
In his answer to this appeal, Isaac contends that the workers' compensation judge erred in awarding temporary total disability benefits only through October 23, 1995, when the medical evidence established that he had been restricted from work "until release by neurosurgery," and *199 had never thereafter been released to return to work by a neurosurgeon.
A claimant who seeks worker's compensation benefits on the basis he is temporarily totally disabled must prove by clear and convincing evidence, without taking pain into consideration, that he is unable to engage in any employment or self-employment. LSA-R.S. 23:1221(1)(c); Bolton v. Grant Parish School Board, 98-1430, p. 4 (La.3/2/99), 730 So.2d 882, 885. While the worker's compensation laws are to be construed liberally in favor of the claimant, that interpretation cannot lessen the claimant's burden. Disability can be proven by medical and lay testimony. The workers' compensation judge must weigh all the evidence, medical and lay, in order to determine if the claimant has met his burden of proof. Bolton, 98-1430 at p. 4, 730 So.2d at 885.
The workers' compensation judge's factual findings as to disability and length thereof in a workers' compensation case are entitled to great weight and should not be disturbed absent manifest error. Gordon v. Sandersons Farms, 96-1587, p. 8 (La.App. 1st Cir.5/9/97), 693 So.2d 1279, 1285.
On review of the record, we note that the form of the medical evidence presented in this case is less than ideal. No doctors testified either in person or by deposition. Instead, the parties relied on the medical records, including hospital records that are entirely handwritten and are difficult to read. Yet, we have carefully reviewed these records and Isaac's testimony and agree they provide a reasonable factual basis for the workers' compensation judge's finding that Isaac failed to prove by clear and convincing evidence that he was entitled to temporary total disability benefits after October 23, 1995.
The record reflects that when examined at Earl K. Long Memorial Hospital on October 18, 1995, Isaac was restricted from work "until release by neurosurgery." However, as noted by the workers' compensation judge, in the same patient instructions setting forth the work restriction, Isaac was further instructed to attend a neurosurgery appointment at Charity Hospital in New Orleans on October 23, 1995. Thus, the workers' compensation judge concluded the work restriction was specifically related to the October 23, 1995 follow-up neurosurgery appointment scheduled for Isaac at Charity Hospital.
The workers' compensation judge further noted that when Isaac attended the neurosurgery appointment at Charity Hospital on October 23, 1995, no specific treatment or medications were prescribed. Additionally, no further work restrictions were given. These records contain a notation indicating that Isaac was to return to the clinic on October 30, 1995 for a noon appointment. Whether he was to return to the Charity clinic or the Earl K. Long clinic, the medical records do not indicate that he returned to Charity at the scheduled time for any further follow-up.
Instead, the Earl K. Long records indicate that Isaac did not return for any further treatment until May 13, 1996.[4] Moreover, as noted by the workers' compensation judge, Isaac had worked three consecutive days with John Lathan, performing cement finishing work in April of 1996, following his neurosurgery appointment at Charity.
In concluding that Isaac had failed to establish by clear and convincing evidence *200 his entitlement to temporary total disability benefits after October 23, 1995, the workers' compensation judge found that the work restriction from Earl K. Long, which specifically referred to a scheduled neurosurgery appointment, could not sustain a claim for temporary total disability benefits for six years. The judge further found that Isaac had not kept "continuing treatment obligations," noting that he failed to keep some appointments.
The workers' compensation judge noted that Isaac had sought treatment three or four times a year to obtain prescriptions for headaches or occasionally for a follow-up CT scan. However, at no point after the initial post-accident work restriction was there any mention in the medical records of whether Isaac could or could not work.
Considering the foregoing, we find that there is a reasonable basis in the record for the workers' compensation judge's finding that Isaac did not prove by clear and convincing evidence that he was physically unable to engage in any employment after October 23, 1995. Accordingly, the workers' compensation judge's finding that Isaac failed to prove a disability after October 23, 1995 is not manifestly erroneous.

ADDITIONAL ATTORNEY'S FEES ON APPEAL (Isaac's Answer to Appeal)
In his answer to appeal, Isaac further requests that this court award additional attorney's fees for the work performed by his counsel in defending this appeal. Generally, an increase in attorney fees should be awarded when a party who was awarded attorney fees in the trial court is forced to and successfully defends an appeal. Bergeron v. Watkins, 98-0717, p. 10 (La.App. 1st Cir.3/2/99), 731 So.2d 399, 405.
However, we find that the awards granted herein adequately compensate for the work performed herein, including briefs filed on appeal. Accordingly, we decline to award additional attorney's fees in this appeal.

CONCLUSION
For the above and foregoing reasons, the July 17, 2001 judgment is affirmed in its entirety. Costs of this appeal are assessed against Petron, Inc.
AFFIRMED.
NOTES
[1] Judge Philip C. Ciaccio (retired), Fourth Circuit Court of Appeal, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Petron was also awarded indemnity from Lathan pursuant to a cross-claim it had filed against Lathan. See LSA-R.S. 23:1261(B) and 23:1063. However, that portion of the judgment is not at issue in this appeal.
[3] While Petron does not allude to the defenses upon which it allegedly relied, we note that pursuant to LSA-R.S. 23:1031(C) and (D) (prior to redesignation as subsections (D) and (E) by Acts 1997, No. 315, sec. 1), an injury shall not be considered as having arisen out of the employment and is thereby not covered by the provisions of the workers' compensation laws if the injured employee was engaged in horseplay at the time of the injury or if the injury arose out of a dispute with another person or employee over matters unrelated to the injured employee's employment.
[4] At that time, he was instructed to take Ibuprofen as needed for headaches and was again referred to Charity in New Orleans, where an appointment was scheduled for August 23, 1996.