899 So.2d 780 (2005)
Mildred PETERS, Plaintiff-Appellant,
v.
RUSKIN MANUFACTURING, Defendant-Appellee.
No. 39,535-WCA.
Court of Appeal of Louisiana, Second Circuit.
April 6, 2005.
*781 Mildred Lee Peters, Pro Se/Appellant.
Juge, Napolitano, Guilbeau, Ruli, Frieman & Whitley, by Jeffrey C. Napolitano, Metairie, Bradley P. Naccari, for Appellee.
Before BROWN, GASKINS and LOLLEY, JJ.
LOLLEY, J.
In this workers' compensation matter, the Office of Workers' Compensation ("OWC") granted an exception of prescription filed by defendant, Ruskin Manufacturing, and dismissed the petition of pro se plaintiff, Mildred Peters, with prejudice. For the following reasons, we reverse the OWC's judgment and remand for further proceedings.

FACTS
On May 5, 2003, Mildred Peters filed a disputed claim for compensation against her employer, Ruskin Manufacturing ("Ruskin"). She essentially alleged that she was injured in October 2001 while lifting a heavy weight at work. Peters claims she was told by one of the supervisors "to help David" for a few days until the supervisor could find a place to put her. Peters further asserted in her claim that the lifting had caused a hemorrhoidal problem. Peters also alleged that one doctor at LSU Medical Center "said it was my spine," for which she was scheduled to have an MRI on May 19, 2003, to ascertain. Peters requested and was granted pauper status.
The record indicates that Ruskin failed to appear at an August 27, 2003, mediation conference, and that a new conference was scheduled for October 1, 2003. The record further indicates that a conference occurred on the latter date, but the matter was unresolved. Then, on October 17, 2003, Ruskin filed an exception of prescription as well as an answer generally denying the allegations of Peters' petition. On that same date, Ruskin served interrogatories and a request for production of documents on Peters personally, as she had no attorney. When Peters did not respond, Ruskin filed a motion to compel. The OWC gave Peters fifteen days to fully comply or it would award penalties and attorney's fees to Ruskin.
Although the record contains neither a copy of the interrogatories and request for production of documents, nor Peters' answers to the interrogatories and response to the request for production of documents, she apparently did respond to these discovery items. Ruskin's statement of evidence lists Peters' answers to interrogatories and response to requests for production of documents as an item of Ruskin's evidence, and does not list this discovery under that portion of the statement of evidence entitled "Outstanding Discovery and Depositions to be Taken." Furthermore, at the hearing on the exception of prescription, when the OWC informed Peters that she had filed no opposition to the exception and that she would have to file something in response to Ruskin's counsel's exception, she responded, "Oh, I thought I filled out them papers telling him that I didn't knowI thought I had hemorrhoids from that lifting, and I didn't know that it was my disk and stuff." The OWC judge then responded: "Ma'am, you have not filed anything with the court." Peters then responded, "Oh, well, I filled out the paper that they just been sending me. I didn't know."
The hearing on the exception of prescription took place on April 23, 2004. It became evident at the beginning of the hearing that Peters was unfamiliar with the meaning of prescription, and the OWC proceeded to explain the concept to her, pointing out that she filed her claim more than one year after the date of the accident *782 alleged in her claim form. The OWC then informed Peters that because her claim showed on its face that more than one year had elapsed, she had the obligation to show why prescription should have been interrupted. Peters was informed by the OWC that, "You have filed no opposition to show that. You have filed no documents to show what would have interrupted prescription." When, as noted above, Peters attempted to explain her situation, the OWC informed her that she had not filed anything with the court, and that while great leniency was given to those representing themselves, Peters still had "to comply with the same rules that everyone has to comply with."
The following exchange then took place between the trial court and Peters:
The OWC: And the problem is here I'm going to tell you, you were injured and you waited almost a year and a half before you filed your claim. Okay?
Peters: Yeah. Yes, sir. It took LSU Medical Center about eight months to find out what was wrong with me.
The OWC: That was within the year. If you had filed it after eight months, we wouldn't be here today.
Peters: See, I had got hurt, and I was going to a Minden doctor, but my insurance ran out. He couldn't get me no tests because I had owed too many doctor bills. I started going to LSU, and that was like five months took up, and it took them like seven months to find outeight months to find out what's wrong with me. That's why.
The OWC: Well, Ms. Peters, you just said it took them eight months.
Peters: Yeah. But, see, I was going to the doctor in Minden, Dr. Stale, before then.
The OWC: And you are
Peters: When my insurance ran out, I had to start going to LSU.
The OWC: Ma'am, you did not file within the one year.
Peters: Oh, no, I didn't. It was after one year. It really was.
The OWC: Yeah. And you have not presented any documentation or any evidence that would interrupt prescription.
Ruskin's exception of prescription was granted, and Peters' claims were dismissed with prejudice. This appeal by Peters ensued.

DISCUSSION
The exception of prescription is a peremptory exception, and when pleaded prior to the trial of the case, as here, evidence may be introduced on the trial of the exception either in support or contravention. La. C.C.P. arts. 927 and 931. Accordingly, in the instant case Peters was entitled to testify concerning prescription and any possible interruption. However, the above-quoted colloquy shows that because Peters had not made any filing in opposition to the exception of prescription, the trial court concluded, without offering her the opportunity to testify, that the exception should be granted.
Under the provisions of La. R.S. 23:1317(A), a workers' compensation judge is not bound by technical rules of evidence or procedure other than as provided by workers' compensation law. Although all findings of fact must be based upon competent evidence, the judge is to decide the merits of a controversy equitably, summarily, and simply. The jurisprudence states that the legislative intent behind La. R.S. 23:1317 is "to materially relax evidentiary and procedural rules and subordinate procedural considerations to discovery of the truth and protection of substantial *783 rights." See, Keyes v. Rockwood Ins. Co., 502 So.2d 223 (La.App. 3d Cir.1987); see also Douglas v. Grey Wolf Drilling Co., 2003-515 (La.App. 3d Cir.11/05/03), 858 So.2d 830.
However, in Gaddy v. Caddo Parish School Bd., 36,583 (La.App.2d Cir.12/11/02), 833 So.2d 1088, acknowledging that the technical rules for procedure are relaxed in the OWC, we stated that a pro se litigant assumes all responsibility for her own inadequacies and lack of knowledge of procedural and substantive laws. In Gaddy, a teacher seeking workers' compensation benefits failed to present the defense of contra non valentem to the school board's exception of prescription at the trial court level, and she was precluded from raising it for the first time on appeal. We noted that if the teacher was unprepared or unable to provide an objection to the exception, then, as a presumably college-educated person, she was sophisticated enough to have considered engaging legal counsel, as she did for her appeal. Nor could we say that the judge erred in failing to notice and apply contra non valentem because to do so would effectively require trial courts to act as counsel for pro se litigants, which was deemed "an unreasonable burden to impose and unfair to opposing parties."
In the instant case, as distinguished from Gaddy, we are not confronted with a sophisticated, presumably college-educated plaintiff. Nor could Peters afford legal counsel to defend against the exception. More significantly, this is not a case in which the OWC heard testimony on the exception of prescription and then granted the exception, because the plaintiff failed to carry her burden of showing that her claim had not prescribed. Instead, under the facts presented, we conclude that the OWC erred in not giving Peters an opportunity to present evidence at the hearing on the exception of prescription. Clearly, we are making no determination regarding the merits of Peters' claims or Ruskin's exception. Nor should the OWC be required to act as counsel for Peters; instead, this opinion merely requires a new hearing on the exception at which Peters is given an opportunity to present evidence in opposition to the exception.

CONCLUSION
For the reasons set forth above, we reverse the granting of exception of prescription and remand for a new hearing consistent with this opinion. Costs of this appeal are assessed to appellee.
REVERSED AND REMANDED.