MCDONALD, J.
| /This is an appeal of the dismissal of a workers’ compensation claim based on a finding that the employee’s claim for indemnity benefits had prescribed. For the following reasons, we reverse and remand for a hearing.
According to her disputed claim for compensation benefits, Sylvia Hamilton (Hamilton) was employed by Louisiana State University (LSU) on December 21, 2001, when she fell on newly waxed stairs and was injured. The claim form was filed December 19, 2003. Thereafter, LSU filed a peremptory exception raising the objection of prescription. In June 2004, Hamilton, a pro se litigant, and LSU appeared before a workers’ compensation judge (WCJ) for District 5 for the hearing on LSU’s exception.
Following argument on behalf of LSU, the WCJ asked Hamilton if she understood LSU’s position. Hamilton answered, “A little bit.” The WCJ then explained that “[bjasically the state’s position is that you filed your claim for weekly disability benefits too late” and inquired if Hamilton had any response to that. Hamilton replied in the affirmative, whereupon the WCJ asked her to please stand and “state your position,” but did not swear Hamilton in. *157 Hamilton described the facts concerning the accident, her medical treatment and work history since the accident, and why she had not filed a claim prior to December 2003. According to Hamilton, she had been advised by human resources personnel that LSU would file the workers’ compensation claim, that all she needed to do was file the accident report and turn in a leave slip showing workers’ compensation when she missed work to go to the doctor, which she did.
Further, Hamilton stated that she worked in pain for two years, but had been advised by her doctor in November 2003 that she could not work 1¡¡any more. Hamilton also answered questions asked by the WCJ. Counsel for LSU did not question Hamilton. The WCJ found that the case had prescribed, the claimant had failed to prove any type of interruption or suspension, and dismissed the case. Hamilton timely filed this appeal.
LSU argues that the judgment of the WCJ should be upheld because Hamilton did not submit any evidence or sworn testimony that would indicate that prescription had been interrupted or had not yet commenced to run. Hamilton’s statement contained two grounds that could possible defeat the finding of prescription. However, the statement were not under oath, so arguably would not be “competent evidence” as required by La. R.S. 23:1317. See Hudson v. East Baton Rouge Parish School Board, 2002-0987 (La.App. 1st Cir.3/28/03), 844 So.2d 282.
Under the facts of this case, we conclude that the WCJ erred in not insuring that Hamilton’s testimony was sworn, and in effect, deprived her of an opportunity to present evidence at the hearing. See Peters v. Ruskin Mfg. 39,535 (La.App. 2nd Cir.4/6/05), 899 So.2d 780, 783. Therefore, the judgment dismissing Hamilton’s claim is reversed, and the matter is remanded for a new hearing at which Hamilton is to be given an opportunity to present evidence in opposition to the exception. This memorandum opinion is issued in compliance with Uniform Rules — Courts of Appeal Rule 2-16.1.B. Costs in the amount of $4,708.50 are assessed to Louisiana State University.
REVERSED AND REMANDED.
PARRO, J., dissents with reasons.