GUIDRY, J., dissenting.
It is a well-settled principle that the provisions of the workers' compensation scheme should be liberally interpreted in favor of the worker. Gomon v. Melancon, 06-2444, p. 4 (La. App. 1st Cir. 3/28/07), 960 So.2d 982, 984, writ denied, 07-1567 (La. 9/14/07), 963 So.2d 1005. The standard controlling review of an objection of prescription requires that the court of appeal strictly construe the statutes against prescription and in favor of the claim that is said to be extinguished. Naquin v. Bollinger Shipyards, Inc., 11-1217, p. 4 (La. App. 1st Cir. 9/7/12), 102 So.3d 875, 878, writs denied, 12-2676, 12-2754 (La. 2/8/13), 108 So.3d 87, 93. Louisiana Revised Statute 23:1317(A) provides that a workers' compensation judge is not bound by technical rules of evidence or procedure other than as provided by workers' compensation law. So while all findings of fact must be based upon competent evidence, the judge is to decide the merits of a controversy equitably, summarily, and simply. The jurisprudence states that the legislative intent behind La. R.S. 23:1317 is to materially relax evidentiary and procedural rules and subordinate procedural considerations to discovery of the truth and protection of substantial rights. Peters v. Ruskin Manufacturing, 39,535, p. 4 (La. App. 2d Cir. 4/6/05), 899 So.2d 780, 782-83.
Thus, considering the summary nature of the proceedings below and the fact that Mr. Hernandez has litigated this matter as a self-represented party, I believe the majority errs in failing to consider the objection of prescription in light of the entire record. See Sprowl v. Taylor, 07-857 (La. App. 3d Cir. 1/30/08), 2008 WL 241574, at *1 (wherein the court stated relative to the appeal of a pro se litigant, "we will examine the record using the applicable standard of review to determine whether the judgment of the trial court was reasonable in light of the record in its entirety"). At the hearing on its exceptions, counsel for Xcel acknowledged that Mr. Hernandez had previously filed a tort suit against the company premised on the September 16, 2014 accident. Counsel further introduced documentation from the tort proceedings[1] that established that the tort suit was still pending not only when Mr. Hernandez filed the underlying disputed claim, but also when he amended the disputed claim to name Xcel as a defendant. See Isaac v. Lathan, 01-2639, p. 6 (La. App. 1st Cir. 11/8/02), 836 So.2d 191, 195 (wherein this court concluded that where both the tort action and workers' compensation action against the defendant were based on the same occurrence and where the defendant had notice of the factual elements of the action, the timely-filed tort action against the defendant interrupted prescription as to the subsequent workers' compensation *368 claim against the same defendant). Additionally, a stamped copy of the petition in the tort suit to which Xcel acknowledged being a party is contained in the record and shows that the tort suit was fax filed on September 16, 2015.[2]
Hence, as the record reveals the existence of a previously-filed, timely tort suit based on the September 16, 2014 accident, I believe the majority's affirmance of the judgment sustaining the peremptory exception raising the objection of prescription is clear error, and for these reasons, I respectfully dissent.

The documentation introduced into evidence by Xcel included reasons and a judgment dated February 22, 2017, wherein the Twenty-Third Judicial District Court (23rd JDC) dismissed with prejudice Mr. Hernandez's tort claims against SPX Cooling Technologies, Inc., Excel Erectors, Inc., and James Meidl. Although Xcel is referred to as "Excel" in the tort proceedings, it was indicated that both companies are one and the same at the hearing before the WCJ.

While the party named in the petition was not Xcel and that party was eventually dismissed from the tort suit on July 8, 2016, the record also reveals that prior to the tort suit, Mr. Hernandez's filed a worker's compensation action on November 14, 2014, which was not dismissed until May 16, 2016. It has been held that a workers' compensation suit can likewise interrupt prescription on a tort suit, and that solidary liability can exist as to direct and statutory employers. See Parker v. Southern American Insurance Co., 590 So.2d 55 (La. 1991). Moreover, the interruption of prescription as to one joint tortfeasor is effective to all joint tortfeasors. La. C.C. art. 2324(C). Hence, in light of Xcel's admission that it remained a party to the tort suit at the time Mr. Hernandez filed his second claim for workers' compensation, I do not believe evidence of exactly when Xcel was added to the tort suit is needed. See Parker, 590 So.2d 55 ; Isaac, 01-2639 at p. 8, 836 So.2d at 196.