778 So.2d 50 (2000)
Eulalie Earlie Cavalier SCOTT
v.
SEARS, ROEBUCK AND CO., Andrew Lewis and/or Andrew Louis, ABC Insurance Company.
No. 99 CA 0571.
Court of Appeal of Louisiana, First Circuit.
December 22, 2000.
Rehearing Denied March 1, 2001.
*51 Michael C. Palmintier, Baton Rouge, for Plaintiff-Appellant Eulalie Earlie Cavalier Scott.
Antonio Le Mon, Metairie, for Defendant-Appellee Sears, Roebuck and Co.
Before: CARTER and PETTIGREW, JJ., and CLAIBORNE,[1]J. Pro Tem.
PETTIGREW, J.
From a judgment sustaining defendant's exception raising the objection of prescription and dismissing the plaintiff's action, the plaintiff appeals. For the following reasons, we reverse and remand.

FACTS AND PROCEDURAL HISTORY
On July 26, 1996, plaintiff, Eulalie Earlie Cavalier Scott, filed a petition seeking damages for a work-related injury she sustained on July 29, 1994, during the course *52 and scope of her employment with Sears, Roebuck and Co. Named as defendants in the petition were Sears and Andrew Lewis, Ms. Scott's supervisor. The petition alleged that on the date in question, Mr. Lewis "approached [Ms. Scott] from behind her field of vision and intentionally startled [her] ... causing her to fall and thus causing the injuries and damages sued on herein." Ms. Scott asserted that this intentional act by Mr. Lewis, within the meaning of La. R.S. 23:1032 B, was the sole and proximate cause of her injuries. She further alleged that Sears was vicariously liable for the intentional acts of its employee, Mr. Lewis.
In response to this petition, Sears filed a peremptory exception raising the objections of prescription and no cause of action. Through these exceptions, Sears argued that (1) the claims made against Sears were prescribed by the passage of more than one year since the date of the accident; and (2) there was no evidence of an intentional act within the meaning of La. R.S. 23:1032 B so as to circumvent the exclusive remedy of workers' compensation benefits available to Ms. Scott pursuant to La. R.S. 23:1061 et seq. Following a hearing on the exceptions, the trial court signed a judgment sustaining the exception raising the objection of prescription and dismissing Ms. Scott's claims against Sears with prejudice. In written reasons for judgment, the trial court found that Ms. Scott's filing of a workers' compensation claim did not interrupt prescription for the tort claim. The trial court's judgment of December 23, 1998, did not address the exception raising the objection of no cause of action, as it had been withdrawn.
It is from this judgment that Ms. Scott has appealed. Ms. Scott contends that the trial court erred in maintaining the prescription objection in that the prescriptive period had been interrupted by the timely filing of a contested claim for workers' compensation benefits against Sears.
In an unpublished decision rendered on March 31, 2000, this court affirmed the trial court's decision. Scott v. Sears, Roebuck and Co., et al., 99-0571 (La.App. 1 Cir. 3/31/00). Thereafter, Ms. Scott filed an application for rehearing. On July 27, 2000, this court vacated the original judgment of March 31, 2000, granted a rehearing in part, and issued the following order:
(1) this matter is remanded to the trial court for a contradictory hearing with the limited purpose of allowing the parties and the court to formally introduce into evidence those exhibits considered by the trial court at the December 14, 1998 hearing on the peremptory exception raising the objection of prescription;
(2) this supplementation of the record shall occur within 60 days of this order; and
(3) this court shall retain appellate jurisdiction over this case until the matter has been finally decided.
The supplementation of the record has occurred, and this matter is now again before us for consideration.
On appeal, Ms. Scott raises as her only assignment of error that the trial court erred by granting the exception raising the objection of prescription urged by Sears. Specifically, Ms. Scott contends that the trial court erred by finding that her tort action against Sears was prescribed, even though she had interrupted the prescriptive period by filing a contested claim for workers' compensation.
Pursuant to this court's order for supplementation of the record, Ms. Scott has filed the following exhibits into the record for our review:
 Exhibit 1: Disputed Claim For Compensation, dated
 January 18, 1995
 Exhibit 2: Employer's Report Of Occupational Injury
 Or Disease, dated July 30, 1994
 Exhibit 3: Medical records
 Exhibit 4: Mediation Case Report, dated
 February 9, 1995
 Exhibit 5: Plaintiff's Memorandum In Opposition To
 Exceptions, filed December 9, 1998
Sears filed the following exhibits for supplementation of the record:
*53
 Exhibit 1: Certification of Karen Bevan, Records
 Manager for the Louisiana Department
 of Labor, Office of Workers' Compensation
 Administration
 Exhibit 2: Unsigned copy of a "Motion and Order to
 Dismiss" issued by the mediator for District
 05 of the Office of Workers' Compensation,
 Jason G. Ourso, to Eulalie
 Scott, following the conclusion of the mediation
 conference on February 9, 1995

PRESCRIPTION
The proper prescriptive period to be applied in any action depends upon the nature of the cause of action. It is the nature of the duty breached that should determine whether the action is in tort or in contract. Sadler v. Midboe, 97-2120, p. 8 (La.App. 1 Cir. 12/28/98), 723 So.2d 1076, 1082.
In the instant case, it is apparent on the face of Ms. Scott's petition that this action is based in tort. Ms. Scott has alleged that a co-worker committed an intentional tort against her and that, accordingly, Sears is vicariously liable for the intentional acts of its employee. Because of the intentional nature of this alleged act, Ms. Scott's claim against her co-worker and Sears is not barred by the general exclusivity of the workers' compensation provisions. See La. R.S. 23:1032. Thus, this cause of action is a delictual action and is subject to the one-year liberative prescriptive period set forth in La. Civ.Code art. 3492. This one-year prescriptive period is interrupted by the filing of suit or service of process in accordance with La. Civ.Code art. 3462 or by acknowledgment in accordance with La. Civ.Code art. 3464.
With regard to the interruption of prescription as against solidary obligors, La. Civ.Code art. 3503 provides:
When prescription is interrupted against a solidary obligor, the interruption is effective against all solidary obligors and their successors.
When prescription is interrupted against a successor of a solidary obligor, the interruption is effective against the other successors if the obligation is indivisible. If the obligation is divisible, the interruption is effective against other successors only for the portions for which they are bound.
If a plaintiffs claims are not prescribed on the face of the petition, the burden is on the party raising the objection of prescription to prove the facts to support the objection. However, if on the face of the petition it appears that prescription has run, the burden shifts to the plaintiff to prove a suspension or interruption of the prescriptive period. Capitol House Preservation Company v. Perryman Consultants, Inc., 98-1514, p. 4 (La. App. 1 Cir. 12/10/98), 725 So.2d 523, 526, writ denied, 99-0548 (La.4/9/99), 740 So.2d 637. At the trial of a peremptory exception, "evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition." La.Code Civ. P. art. 931. Generally, in the absence of evidence, the objection of prescription must be decided upon the facts alleged in the petition, and all allegations thereof are accepted as true. Our Lady of the Lake Hospital v. Vanner, 95-0754, p. 3 (La.App. 1 Cir. 12/15/95), 669 So.2d 463, 464.
In Ms. Scott's petition, which was filed July 26, 1996, it is alleged that she was injured on or about July 29, 1994. Thus, as Ms. Scott's claims are prescribed on the face of the petition, the burden shifted to Ms. Scott to prove that the prescriptive period had been suspended or interrupted.
The documents introduced by Ms. Scott in support of her position reflect that on or about July 29, 1994, she was injured during the course and scope of her employment with Sears, Roebuck and Co. when she was startled by a co-worker, Andrew Lewis. Following this incident, Ms. Scott timely filed a Disputed Claim For Compensation on January 18, 1995.
The Mediation Case Report, dated February 9, 1995, reflects that Ms. Scott participated in the 15-minute hearing by phone and was unrepresented. The report further contains the following language regarding *54 the outcome: "Completely resolved. Parties reached acceptable resolution on all issues. Claim is or will be dismissed." The additional language, "Agreement is attached.", is scratched through on the report.
Sears introduced the affidavit of Karen Bevan, Records Manager for the Louisiana Department of Labor, Office of Workers' Compensation Administration, certifying that she had been unable to locate the signed order dismissing Ms. Scott's claim. Sears also introduced an unsigned "Motion And Order To Dismiss" that was purportedly issued by the mediator to Ms. Scott at the conclusion of the mediation conference on February 9, 1995. Based upon our review of the record, it is apparent that Ms. Scott's Disputed Claim For Compensation has never been dismissed and is therefore still pending.
Voluntary payments by an employer of workers' compensation benefits are insufficient to interrupt the running of prescription under Article 3462. Gary v. Camden Fire Insurance Company, 96-0055, p. 3 (La.7/2/96), 676 So.2d 553, 555-56. However, prescription is interrupted with regard to an injured employee's claims against a third-party tort-feasor when the employee files a timely suit seeking workers' compensation benefits from his employer. Williams v. Sewerage and Water Board of New Orleans, 611 So.2d 1383, 1390 (La.1993). When a lawsuit is filed against the employer, prescription is interrupted as to claims against the employer pursuant to Article 3462. The filing of a Disputed Claim for Compensation would have the same effect on prescription as the filing of a lawsuit. Because the third-party tort-feasor is a solidary obligor, the interruption of prescription is applicable also to a claim against a third-party tort-feasor. La. Civ.Code art. 3503.
In the instant case, the intentional tort as alleged by Ms. Scott clearly falls outside of the exclusivity of the workers' compensation provisions. Further, because the third-party tort-feasor is Ms. Scott's co-worker, her employer, Sears, is solidarily liable with the third-party tort-feasor as long as the third-party tort-feasor's actions arose out of and in the course of his employment. Sears' insurer would likewise be liable. Since Ms. Scott has filed a claim for workers' compensation benefits against Sears and that claim has not yet been dismissed, prescription remains interrupted as against Sears and the third-party tort-feasor. Thus, Ms. Scott's tort action is not prescribed.

CONCLUSION
For the above and foregoing reasons, the judgment of the trial court sustaining Sears' exception raising the objection of prescription and dismissing Ms. Scott's claims with prejudice is reversed. This matter is remanded to the trial court for further proceedings consistent with this opinion. All costs associated with this appeal are assessed against defendant/appellee, Sears, Roebuck and Co.
REVERSED AND REMANDED.
NOTES
[1] Judge Ian W. Claiborne, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.