803 So.2d 1147 (2001)
Ronald KRATZER
v.
PPM CONTRACTORS, INC. and Louisiana Workers' Compensation Corporation.
No. 2000 CA 2552.
Court of Appeal of Louisiana, First Circuit.
December 28, 2001.
Lawrence Curtis, Lafayette, LA, for plaintiff/appellant, Ronald Kratzer.
Travis R. LeBleu, Baton Rouge, LA, for defendants/appellees, PPM Contractors, Inc. and Louisiana Workers' Compensation Association.
BEFORE: GONZALES, KUHN, CIACCIO, JJ.[1]
CIACCIO, Judge.
The sole issue in this appeal is one of prescription. Ronald Kratzer (plaintiff) filed a disputed claim for workers' compensation on August 9, 1999 against his employer, PPM Contractors and its insurer, Admiral Insurance Agency. Plaintiff's claim alleged that on September 16, 1997, he was "operating a cherry picker ... [that] rolled over causing injury to [him]." An answer generally denying plaintiffs assertions was filed on the behalf of PPM Contractors and Louisiana Workers' Compensation Corporation[2] (defendants). Defendants *1148 filed a peremptory exception of prescription, which the Workers' Compensation Court (WCC) granted. Plaintiff appealed.
Plaintiff contends the WCC erred as a matter of law in finding his claim had prescribed. He references the exhibits attached to his Memorandum in Opposition to the Exception of Prescription in the record, where a copy of the pleadings entitled "Ocean Energy, Inc. v. PPM Contractors, Inc., Admiral Insurance Company and Ronald Kratzer," was filed in the Twenty-Seventh Judicial District Court in the Parish of St. Landry, Docket Number 98-C-3543 "A."[3] The pleadings established that on September 11, 1998, Ocean Energy, Inc. filed a petition for damages against PPM, Admiral Insurance, and plaintiff asserting that plaintiff, in the course and scope of his employment with PPM negligently operated a cherry picker owned by Ocean Energy and caused damage to the cherry picker and to Ocean Energy's low pressure transfer pipeline, which occurred on September 16, 1997.[4] On October 14, 1998, an answer was filed on the behalf of PPM, Admiral, and plaintiff.[5] On December 22, 1998, plaintiff filed a reconventional demand, maintaining that Ocean Energy was liable for injuries he sustained as a result of the accident described in the original petition. Plaintiff now appeals from the dismissal of his worker's compensation suit maintaining that his reconventional demand to the property damage action previously filed by PPM's solidary obligor, Ocean Energy, Inc., was timely filed within the ninety day period allowed by Louisiana Code of Civil Procedure article 1067 for filing incidental demands, and interrupted prescription in the instant workers' compensation case.

LAW AND ARGUMENT
Under Louisiana Civil Code article 3462, "Prescription is interrupted when... [t]he obligee commences action against the obligor, in a court of competent jurisdiction and venue." Louisiana Civil Code article 1799 provides that "the interruption of prescription against one solidary obligor is effective against all solidary obligors...." The cases have held that third party tortfeasors and employers involved in suits arising out of the same injury/accident are solidary obligors. See Williams v. Sewerage & Water Bd. of New Orleans, 611 So.2d 1383, 1389 (La.1993); Scott v. Sears, Roebuck and Co., 99-0571, p. 6 (La. App. 1st Cir. 12/22/00), 778 So.2d 50, 54. Thus, when an injured employee timely files a claim seeking workers' compensation benefits from his employer, prescription is interrupted with regard to an injured employee's claim against the third party tortfeasor. Conversely, when an injured employee timely files a claim against a third party tortfeasor, prescription is interrupted with regard to his claim for workers' compensation benefits against an employer.
Defendants do not dispute that plaintiff's injury resulted from the same accident or occurrence asserted in the tort claim as well as in the workers' compensation claim, nor is it disputed that defendants and the third party tortfeasor, Ocean Energy, are solidary obligors. Therefore, the issue before us is whether plaintiff's reconventional demand was timely filed *1149 against Ocean Energy and served as a suspension of prescription as provided in Code of Civil Procedure article 1067, and an interruption of prescription against defendants.
Defendants maintain while plaintiff's reconventional demand may have been considered timely for the purposes of the action filed by Ocean Energy, it did not interrupt prescription for plaintiff's disputed workers' compensation claim. Defendants contend that Article 1067 is very specific and only applies to incidental actions filed within ninety days of the main demand, and there is no indication that it was intended to have a broader application, such as in this instance, where plaintiff's workers compensation claim prescribed before he filed his reconventional demand. Defendants assert pursuant to Louisiana Revised Statute 23:1209, plaintiff had until September 16, 1998, one year from the date of the accident to assert his claim for benefits with the Office of Workers' Compensation, consequently; on December 22, 1998, when plaintiff filed his reconventional demand, prescription had already accrued as to his workers' compensation claim.
Plaintiff argues that the exemption from prescription for incidental demands provided by Code of Civil Procedure article 1067 was applicable to his timely filed reconventional demand and served to interrupt prescription for his workers' compensation claim such.
A reconventional demand is an incidental demand. See La. Code Civ.Proc. art. 1031(B). Code of Civil Procedure article 1067 provides that,
An incidental demand is not barred by prescription or peremption if it was not barred at the time the main demand was filed and is filed within ninety days of date of service of main demand or in the case of a third party defendant within ninety days from service of process of the third party demand.
Code of Civil Procedure article 1067 is an exemption statute, which during its ninety-day period exempts any incidental demand from any applicable prescriptive statute whose prescriptive period would accrue during that ninety-day period. Smith v. Hartford Accident & Indemnity Co., 399 So.2d 1193, 1196 (La.App. 3 Cir. 1981), writ denied, 406 So.2d 604 (La. 1981); State Farm Mut. Auto. Ins. Co. v. Smith, 448 So.2d 209, 210 n. 3 (La.App. 1 Cir.1984).
In order to determine if plaintiff's disputed workers' compensation claim was not barred by prescription it must be found that the reconventional demand he filed against defendants' solidary obligor, Ocean Energy, met the criteria of Code of Civil Procedure article 1067. First, we must determine if plaintiff's reconventional demand was not barred by prescription at the time Ocean Energy's main demand/petition was filed. Ocean Energy's claim for property damage, the main demand in the previously filed case, was filed September 11, 1998. Using September 16, 1997, the date of injury, as the date prescription would have commenced on plaintiffs claim (the date the WCC determined the injury occurred), September 16, 1998 would have been the last date on which plaintiff could have filed his claim. Therefore, plaintiff's claim was not barred on September 11, 1998 when Ocean Energy filed its main demand. Second, we must determine if plaintiff's reconventional demand was filed within ninety days of the date of service of Ocean Energy's main demand. Plaintiff asserted and the WCC found that he was never served with Ocean Energy's main demand. However, the WCC also found that counsel for PPM answered Ocean Energy's demand on the behalf of PPM and plaintiff, which constituted a general appearance *1150 whereby plaintiff submitted himself to the jurisdiction of the court and waived the right to raise the failure to timely request service. See Poret v. Billy Ray Bedsole Timber Contractor, Inc., 31,531, p. 2 (La.App. 2d Cir.1/22/99), 729 So.2d 632, 633; Sam v. Feast, XXXX-XXXX, p. 3 (La.App. 1st Cir. 3/28/01), 802 So.2d 680. The record reflects that the answer was filed on October 14, 1998. Since plaintiff was not served with the main demand, the date he waived service, October 14, 1998, becomes the appropriate date under the provisions of Article 1067, in which the ninety days commenced to run for him to file his reconventional demand. Computing the time for filing an incidental demand from according to Code of Civil Procedure article 5059, plaintiff's reconventional demand was filed well within the time delays. Therefore, plaintiff's incidental demand was timely filed as provided by Article 1067. Under the provisions of Article 1067 the incidental demand was not barred by prescription. Consequently, since plaintiffs reconventional demand was timely filed against Ocean Energy, a solidary obligor, prescription was interrupted against defendants as well.
For these reasons, we reverse the judgment of the WCC and reinstate plaintiff's workers' compensation claim. The matter is remanded to the WCC for further proceedings and costs are assessed against defendants.
REVERSED AND REMANDED.
NOTES
[1] The Honorable Philip C. Ciaccio, Judge (retired), Fourth Circuit Court of Appeal, is serving judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] We note while plaintiff listed Admiral Insurance Agency as PPM's insurer, the answer was filed on behalf of PPM and Louisiana Workers' Compensation Corporation as its insurer.
[3] The exhibits were admitted into evidence at the hearing on the exception for prescription.
[4] The petition also alleges that PPM was providing services to Ocean Energy at its facility under a master servant agreement between the parties.
[5] Plaintiff testified at the prescription hearing that Ocean Energy attempted to affect service upon him under the long arm statute, La.R.S. 13:3201 et seq., but was unsuccessful.