848 So.2d 3 (2003)
Jesse BOUDREAUX, Jr.
v.
ANGELO IAFRATE CONSTRUCTION.
No. 2002 CA 0992.
Court of Appeal of Louisiana, First Circuit.
February 14, 2003.
Rehearing Denied March 24, 2003.
*5 Michael S. Zerlin, Thibodaux, for Plaintiff-Appellant Jesse Boudreaux, Jr.
Christopher M. Landry, Blue Williams, L.L.P., Metairie, for Defendant-Appellee Angelo Iafrate Construction.
Before: PARRO, MCDONALD, CLAIBORNE,[1] JJ.
PARRO, J.
In this workers' compensation action, the claimant appeals from the judgment sustaining a peremptory exception raising the objection of prescription and dismissing his claim for workers' compensation benefits.[2] For the following reasons, this court affirms in part, reverses in part, and remands.

Factual Background and Procedural History
On February 28, 2001, Jesse Boudreaux, Jr. (Boudreaux) filed a workers' compensation claim against Angelo Iafrate Construction (Angelo) for weekly workers' compensation benefits and medical expenses. In his disputed claim form, Boudreaux alleged the following. In September or October of 1999, while on a job for Angelo, the truck that Boudreaux was driving hit a hole, causing him to strike his head on the cab of the truck, injuring his neck. Boudreaux informed his supervisor of the incident. Boudreaux indicated that his resulting injury did not manifest itself until January 2001.
Angelo responded by filing an answer, along with an exception raising the objection of prescription. Following a trial on the exception, the workers' compensation judge (WCJ) found that Boudreaux's injury immediately manifested itself; therefore, his claim for workers' compensation benefits should have been filed within one year of the accident. In the absence of a timely filing, the WCJ rendered a judgment, sustaining Angelo's peremptory exception raising the objection of prescription and dismissing Boudreaux's claim for workers' compensation benefits. From this judgment, Boudreaux appeals.

*6 Standard of Review

In a workers' compensation case, as in other cases, the appellate court's review of factual findings is governed by the manifest error or clearly wrong standard. Smith v. Louisiana Department of Corrections, 93-1305 (La.2/28/94), 633 So.2d 129, 132; Kennedy v. Security Industrial Insurance Company, 623 So.2d 174, 175 (La.App. 1st Cir.), writ denied, 629 So.2d 389 (La.1993). The two-part test for the appellate review of a factual finding is: 1) whether there is a reasonable factual basis in the record for the finding of the trial court, and 2) whether the record further establishes that the finding is not manifestly erroneous. Mart v. Hill, 505 So.2d 1120, 1127 (La. 1987). Thus, if there is no reasonable factual basis in the record for the trial court's finding, no additional inquiry is necessary. However, if a reasonable factual basis exists, an appellate court may set aside a trial court's factual finding only if, after reviewing the record in its entirety, it determines the trial court's finding was clearly wrong. See Stobart v. State, through Department of Transportation and Development, 617 So.2d 880, 882 (La. 1993).

Prescription of Indemnity Benefits Claim
Angelo contends that Boudreaux's claim is barred by prescription. Louisiana Revised Statute 23:1209 addresses the prescriptive period for workers' compensation claims, providing in relevant part:
A. In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in ... this Chapter.... [W]hen the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.
* * *
C. All claims for medical benefits payable pursuant to R.S. 23:1203 shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter.
The burden of proving the peremptory exception raising the objection of prescription is on the party asserting it. However, when the claimant's cause of action has prescribed on the face of his own petition, the claimant bears the burden of proving facts, which would have the effect of interrupting or suspending the running of prescription. Moreover, the ordinary rule of the burden of proof is that one who claims the benefit of an exception to the general law must show he comes within the exception. Houston General Insurance Company v. Commercial Union Insurance Company, 612 So.2d 787, 789 (La. App. 1st Cir.1992), writ denied, 614 So.2d 82 (La.1993).
One exception to the general rule is when an employee suffers a work-related injury that immediately manifests itself, but only later develops into a disability. Boudreaux argues, in essence, that his injury did not fully manifest itself until January 2001 when it became disabling, and therefore, his claim was filed timely. Angelo *7 denies that Boudreaux's condition falls into the exception to the general prescription rule because his injury manifested itself immediately following the accident.
Boudreaux's claim was filed on February 28, 2001, at least one year and four months following the date of the accident. Because his disputed claim was filed more than one year after the accident, the burden was on Boudreaux to prove that his claim had not prescribed. See Cedotal v. Wausau Insurance Company, 497 So.2d 395, 404 (La.App. 3rd Cir.), writ denied, 498 So.2d 757 (La.1986); Comardelle v. Jeandron Chevrolet, Inc., 449 So.2d 601, 603 (La.App. 1st Cir.), writ denied, 456 So.2d 1015 (La.1984). In order to resolve the prescription issue, it is necessary to determine whether Boudreaux's condition was of a developmental nature. This is a question of fact, which must be determined from the testimony and evidence in the record before us. See Hobley v. Phoenix of Hartford Insurance Company, 233 So.2d 589, 590 (La.App. 4th Cir.1970).
Louisiana Revised Statute 23:1209(A) provides that an injury not resulting at the time of, or developing immediately after, the accident is a developing injury. Generally speaking, development of the injury actually means development of the disability, and disability marks the time from which it is clear that the employee is no longer able to perform the duties of his or her employment in a satisfactory manner. Swearingen v. Air Products & Chemical, Inc., 481 So.2d 122, 124 (La.1986). The Louisiana Supreme Court has consistently held that an employee who suffers a work-related injury that immediately manifests itself, but only later develops into a disability, has a viable cause of action until one year from the development of the disability, rather than from the first appearance of symptoms or from the first date of treatment. Sevin v. Schwegmann Giant Supermarkets, Inc., 94-1859 (La.4/10/95), 652 So.2d 1323, 1326.
The jurisprudence offers guidelines for establishing when a developing injury has reached the disabling point for purposes of applicability of this exception to the one-year prescriptive period. In the case of the retained employee who continues to work with symptoms which might have been held to be disabling (if litigated), but which did not become manifestly disabling to the employee until he was physically forced to quit his work, the disability does not become manifest or "develop" until that date, because to select an earlier date would be dealing in conjecture. Bolden v. Georgia Casualty and Surety Company, 363 So.2d 419, 421-422 (La. 1978). In cases of this nature, the policy is to encourage rather than penalize an employee who continues working despite a work-related medical condition, which is painful, but not then disabling. Sevin v. Schwegmann Giant Supermarkets, Inc., 652 So.2d at 1326. Since Boudreaux filed his claim on February 28, 2001, he must establish that any developing injury did not manifest itself as a disability prior to February 28, 2000, in order for his claim to have been timely filed.
At the trial of a peremptory exception, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition. LSA-C.C.P. art. 931. Generally, in the absence of evidence, the objection of prescription must be decided upon the facts alleged in the petition, and all allegations thereof are accepted as true. Daisey v. Time Warner, 98-2199 (La.App. 1st Cir.11/5/99), 761 So.2d 564, 567. A review of the record reveals that at the hearing on the peremptory exception, Boudreaux failed to introduce *8 any evidence to support the application of the developing injury doctrine. Therefore, we may only consider the facts set forth in his disputed claim form and not those alleged in any memoranda. The pertinent allegations are as follows: in September or October of 1999, while on a job for Angelo, the truck that Boudreaux was driving hit a hole, causing him to strike his head and neck; Boudreaux informed his supervisor of the incident; his resulting injury did not manifest itself until January 2001.
The issue of whether Boudreaux sustained a developing injury was one of a factual nature. We are mindful of the rule of law placing on Boudreaux the burden of proving he fell within one of the exceptions to prescription because his claim was filed more than one year after the accident. The WCJ determined that Boudreaux fell short of carrying that burden of proof based on a finding that Boudreaux's injury immediately manifested itself. Based on the entire record, this court cannot say that this finding, which is reasonably supported by the record, was clearly wrong. Accordingly, we find no error in the WCJ's finding that Boudreaux failed to prove that his claim for indemnity benefits had not prescribed.
However, we conclude that the WCJ erred in failing to give the claimant an opportunity to amend his disputed claim. Under the provisions of LSA-C.C.P. art. 934, when the grounds of an objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. Bordelon v. Medical Center of Baton Rouge, 01-2164 (La.App. 1st Cir.12/20/02), 836 So.2d 407. In this matter, the judgment sustaining the exception did not provide the claimant the opportunity to amend his pleadings. Since it appears that the grounds of the objection may be removed by amendment of the petition, we remand this matter to the Office of Workers' Compensation Administration to give the claimant a period of time to amend his disputed claim to provide more specific factual allegations regarding his injury and the manifestation of his disability.

Prescription of Medical Benefits Claim
Regarding the prescription of Boudreaux's claims for medical benefits, Louisiana Revised Statute 23:1209(C) provides the prescriptive period for filing a formal claim for medical benefits. This provision states that a formal claim must be filed within one year after the accident or within one year from the last payment of medical benefits.[3] Boudreaux's claim for medical benefits filed on February 28, 2001, was not made within one year of the date of the accident, September or October 1999. Furthermore, Boudreaux's disputed claim form discloses that at no time did Angelo ever pay any medical benefits to Boudreaux. Accordingly, neither of the time constraints in the statute has been satisfied. Therefore, we conclude that Boudreaux's claim for medical expenses relating to the 1999 accident had prescribed, and the WCJ's finding of such was not clearly wrong. See Lee v. East Baton Rouge Parish School Board, 623 So.2d 150, 156 (La.App. 1st Cir.), writ denied, 627 So.2d 658 (La.1993).

Decree
For the foregoing reasons, that portion of the judgment of the WCJ sustaining *9 Angelo Iafrate Construction's peremptory exception raising the objection of prescription as it relates to indemnity and medical benefits is affirmed. That portion of the judgment dismissing Jesse Boudreaux, Jr.'s disputed claim for medical benefits is affirmed; however, that portion of the judgment dismissing Jesse Boudreaux, Jr.'s disputed claim for indemnity benefits is reversed, and this matter is remanded to the Office of Workers' Compensation Administration with instructions to order an amendment of the complaint to set forth facts which will overcome, if possible, the grounds of the objection of prescription. Each party is to bear its own costs from this appeal.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.
NOTES
[1] Judge Ian W. Claiborne, retired from the Eighteenth Judicial District Court, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] The workers' compensation judge in this case was Honorable Glynn F. Voisin, of District 9.
[3] This court notes that the legislature has not provided for a developing injury exception to the commencement of prescription on a claim for medical benefits, as it has done for a claim for weekly benefits in Louisiana Revised Statute 23:1209(A).