20 So.3d 1034 (2009)
Linda TORRES
v.
LOUISIANA SHRIMP & PACKING COMPANY.
No. 2008 CA 1651.
Court of Appeal of Louisiana, First Circuit.
May 8, 2009.
Rehearing Denied November 23, 2009.
*1035 Joseph J. Weigand, Jr., Houma, Louisiana, for Plaintiff/Appellant, Linda Torres.
Sherri L. Hutton, Kevin O'Bryon, Marta Ann Schnabel, New Orleans, Louisiana, for Defendant/Appellee, Louisiana Shrimp & Packing Co.
Before PARRO, McCLENDON, and WELCH, JJ.
McCLENDON, J.
In this workers' compensation case, the plaintiff, Linda Torres, appeals the workers' compensation judge's granting of a peremptory exception raising the objection of prescription filed by defendant, Louisiana Shrimp & Packing Company (LSPC). We affirm.

FACTUAL AND PROCEDURAL BACKGROUND
Ms. Torres alleged that the work-related accident occurred on November 24, 2004. Her disputed claim for compensation was filed with the Office of Workers' Compensation Administration on October 12, 2007. LSPC filed an exception of prescription and a memorandum in support, to which was attached: a petition for tort damages, which had been filed in district court, naming the same parties and alleging essentially the same factual occurrence as the compensation claim, and a district court judgment dismissing the petition in tort based on the peremptory exception raising the objection of no cause of action. The petition exhibited a filing date of February 6, 2006.
*1036 In response to LSPC's exception of prescription, Ms. Torres filed a memorandum in opposition. Attached to her memorandum were the following documents: the petition for tort damages showing the same filing date in district court of February 6, 2006; an exception of prescription filed by LSPC in the tort suit; LSPC's memorandum in support of the exception; Ms. Torres' motion in opposition to the exception; two affidavits, each from an attorney representing Ms. Torres in the tort suit and each outlining damage to their law office from Hurricane Katrina; a notice of filing supplemental exhibits by Ms. Torres; LSPC's motion to dismiss the exception of prescription; the judgment of the district court dismissing the exception without prejudice; and the judgment dismissing the tort suit based on the failure to state a cause of action.
The parties orally argued, but no evidence was offered or introduced at the trial on the exception in the workers' compensation case. After the trial, the workers' compensation judge (WCJ) assigned the following oral reasons for her ruling:
[W]hen prescription is brought in front of a workers' compensation court, I am to basically check it out, look at everything, look at the dates.
It has prescribed on its face. When something on its face by the documents has prescribed, then the burden of proof goes to the opposing party to show that there's been an interruption.
The injury is 11/24/04. And the 1008 [form for a disputed claim] in the Workers' Compensation Court was filed 12/12/07. So, naturally, on its face, it looks like it has prescribed.
So then there are exceptions to the prescription rule. The opposing party would have to bring that up.
Further, the WCJ noted the final date of January 3, 2006, for the hurricane related limited extension of prescription, and mentioned the dismissal of the tort suit on the exception of no cause of action. Finally, after "reviewing all of the case law under the theory of prescription and reviewing the articles under prescription," the WCJ granted the defendant's exception of prescription in the workers' compensation claim. By judgment signed on May 28, 2008, the disputed compensation claim was dismissed.
In her appellate brief, claimant-appellant, Ms. Torres, essentially asserts that the WCJ erred in finding that the tort suit had prescribed. The bases for that position include arguments that prescription was or should have been further extended in the tort suit under LSA-R.S. 9:5824, that the withdrawal by LSPC of its tort suit exception of prescription rendered the issue res judicata in the workers' compensation claim, and that, because the WCJ had no authority to determine the prescription issue in the tort suit, the WCJ erred in finding that the tort suit had prescribed on its face.
However, at oral argument before this court, Ms. Torres' counsel focused on an argument that the filing of the tort suit, which was at that time still pending at this court on appeal, interrupted the running of prescription in the workers' compensation case. Thus, counsel argued, the disputed claim for compensation was timely filed.

APPLICABLE LEGAL PRECEPTS
All workers' compensation claims for payments due to an injury or death are "barred unless within one year after the accident or death the parties have agreed upon the payments ..., or unless within one year after the accident a formal claim has been filed...." LSA-R.S. 23:1209 A. Initially, the burden of proving that prescription has run falls on the party asserting it. Boudreaux v. Angelo Iafrate Construction, *1037 XXXX-XXXX, p. 3 (La.App. 1 Cir. 2/14/03), 848 So.2d 3, 6. However, when a workers' compensation claim has prescribed on its face, the burden is upon the claimant to prove the facts showing that the running of prescription was interrupted or suspended in some manner. Jonise v. Bologna Brothers, XXXX-XXXX, p. 6 (La.6/21/02), 820 So.2d 460, 464; Boudreaux, XXXX-XXXX at p. 3, 848 So.2d at 6.
To meet the burden of proof on an exception of prescription, evidence may be introduced at trial "to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition." LSA-C.C.P. art. 931. However, evidence not properly "offered and introduced cannot be considered, even if it is physically placed in the record. Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal." Denoux v. Vessel Management Services, Inc., 2007-2143, p. 6 (La.5/21/08), 983 So.2d 84, 88.[1] In the absence of evidence, the objection of prescription must be decided upon the facts alleged in the petition, and all allegations thereof are accepted as true. Scott v. Sears, Roebuck and Co., 99-0571, p. 5 (La. App. 1 Cir. 12/22/00), 778 So.2d 50, 53. In workers' compensation cases, the factual findings are reviewed using the manifest error or clearly wrong standard. Mitchell v. Terrebonne Parish School Board, XXXX-XXXX, p. 3 (La.App. 1 Cir. 4/2/03), 843 So.2d 531, 532, writ denied, 2003-2275 (La.11/26/03), 860 So.2d 1135.
"Prescription that has commenced to accrue, but has not yet run, may be interrupted." Lima v. Schmidt, 595 So.2d 624, 631 (La.1992). If prescription has run, there is nothing to interrupt. Pursuant to LSA-C.C. art. 3462, prescription may be interrupted by the filing of suit. The interruption "resulting from the filing of a suit ... within the prescriptive period continues as long as the suit is pending." LSA-C.C. art. 3463 (emphasis added).
More specifically, prescription in a workers' compensation claim may be interrupted or suspended by the timely filing of a tort suit against the employer based on the same occurrence. Kratzer v. PPM Contracters, Inc., 2000-2552, p. 3 (La.App. 1 Cir. 12/28/01), 803 So.2d 1147, 1148; see Isaac v. Lathan, 2001-2639, pp. 4-6 (La. App. 1 Cir. 11/8/02), 836 So.2d 191, 194-95 (and cases cited therein finding that a timely filed suit or claim interrupted prescription for a subsequent suit or claim); LSA-C.C. arts. 3462 & 3463.

ANALYSIS
Upon the filing of the defendant's exception of prescription in the disputed claim for compensation, the WCJ had the authority and the duty to determine if the compensation claim was timely filed. Because the compensation claim was prescribed on its face, the burden of proof shifted to the claimant, Ms. Torres, to submit sufficient evidence of interruption or suspension of prescription. Thus, the issue before the WCJ was not whether the tort suit had actually prescribed, but whether the plaintiff had met her burden to prove an interruption or suspension of the running of prescription on the workers' compensation claim. See, e.g., Kratzer, 2000-2552 at pp. 3-5, 803 So.2d at 1148-50. To decide whether Ms. Torres met her burden of proof, it was necessary for the *1038 WCJ to review any evidence introduced concerning the filing of the tort suit, the act on which the claim of interruption was based. See, e.g., Isaac, 2001-2639 at p. 6, 836 So.2d at 195; Kratzer, 2000-2552 at pp. 3-5, 803 So.2d at 1148-50.
After thoroughly reviewing the record before us, and assuming all of the relevant allegations in the disputed claim for compensation to be true, we find no error in the WCJ's finding that, because the compensation claim had "prescribed on its face," the burden shifted to Ms. Torres. Although the WCJ inadvertently cited in her oral reasons the wrong date for the filing of the disputed claim for compensation, a calculation based on the date of the injury, November of 2004, and the date of the compensation claim, October, 2007, established that the claim had prescribed on its face.
While we sympathize with the plight of Ms. Torres after Hurricane Katrina, the attachments to the memoranda by Ms. Torres and LSPC, not properly admitted into evidence, cannot be considered on appeal on the issue of prescription.[2]See Denoux, 2007-2143 at p. 6, 983 So.2d at 89. Thus, based on the lack of evidence in the record on the issue of the interruption of prescription in the compensation claim, we must conclude that Ms. Torres failed in her burden to prove an interruption or suspension of prescription in the compensation claim.[3] Therefore, we find no error in the WCJ's grant of the exception of prescription.
For these reasons, we affirm the judgment of the Office of Workers' Compensation Administration. The costs of the appeal are assessed to the appellant, Ms. Linda Torres.
AFFIRMED.
WELCH, J. dissents and assigns reasons.
WELCH, dissenting.
I respectfully disagree with the majority opinion in this case. The majority's decision in this matter not only perpetuates a great injustice to Ms. Torres brought about by the devastating effects of Hurricane Katrina, but it is also legally incorrect, contrary to the jurisprudence of this circuit, and inconsistent with our legislature's intent in enacting La. R.S. 9:5821, et seq.
The record in this matter clearly establishes that, due to the catastrophic effects of Hurricane Katrina on the office of counsel for Ms. Torres, he was prevented from filing her underlying tort suit within the applicable one-year prescriptive period and, but for those catastrophic effects, Ms. Torres' counsel would have timely filed her underlying tort suit. Therefore, Ms. Torres was clearly entitled to a limited suspension and/or extension of the applicable prescriptive period pursuant to the provisions set forth in La. R.S. 9:5824. Since Ms. Torres was entitled to a limited suspension or extension of prescription for *1039 her underlying tort suit, the underlying tort suit interrupted prescription on her workers' compensation claim, and the judgment of the workers' compensation judge should be reversed.
In the aftermath of Hurricanes Katrina and Rita, our legislature enacted a series of statutes for the benefit and protection of the citizens of Louisiana, the purpose of which was "to prevent injustice, inequity, and undue hardship to persons who were prevented by these hurricanes from timely access to courts and offices in the exercise of their legal rights, including the filing of documents and pleadings as authorized or required by law." La. R.S. 9:5821(A). Furthermore, the legislature commanded that these statutes are to "be liberally construed to effect its purposes." La. R.S. 9:5821(A).
Louisiana Revised Statutes 9:5822(A) created a limited suspension of prescription during the time period of August 26, 2005, through January 3, 2006, such that all claims that would have prescribed during that period would lapse on January 4, 2006. Notwithstanding La. R.S. 9:5822, La. R.S. 9:5824 provides that a party who is domiciled in, whose cause of action arose in, or whose attorney was domiciled in or had a law office within certain parishes, including Orleans and Jefferson, may seek an additional extension or suspension of the prescriptive period set forth in La. R.S. 9:5822 upon proving by a preponderance of the evidence that it was filed at the earliest time practicable and, but for the catastrophic effects of Hurricane Katrina (or Rita), the legal deadline would have been timely met.
According to the individual affidavits of Riguer Silva and Arthur O. Schott, III, Ms. Torres's previous counsel of record, they had residences in Kenner, Louisiana (Jefferson Parish), had their main law office on Canal Street in New Orleans (Orleans Parish), and had a small satellite law office on West Esplanade in Kenner (Jefferson Parish). Mr. Silva and Mr. Schott further stated in their affidavits that "[d]ue to the extensive flooding (5 feet), wind/storm, and mold damage to [their] New Orleans office, [they were] unable to return to the office until February 2006." They also stated that on August 29, 2005, the date Hurricane Katrina made landfall, Ms. Torres's file was being prepared for litigation in their New Orleans office and was physically located in an office with a window that was blown out during the hurricane, which resulted in the loss, damage, and destruction of all or part of her file. The attorneys averred that as a result of the damage, they had to reconstruct the lost documents in her file and that Ms. Torres's tort suit was filed on the earliest date possible (February 6, 2006) given the circumstances of their office after Hurricane Katrina.
Given these affidavits, I believe that the record in this matter establishes that Ms. Torres was entitled to an additional suspension and/or extension of the prescriptive period in her underlying tort suit under La. R.S. 9:5824(B)(1). Presumably, it was for this reason, after Ms. Torres filed these affidavits into the record, the defendant voluntarily dismissed the peremptory exception raising the objection of prescription that it had filed in response to the underlying tort suit.
The majority concludes that Ms. Torres failed to meet her burden of proving that there was an interruption or suspension of prescription because Ms. Torres failed to formally offer or introduce any evidence on the issue of prescription, even though both the plaintiff and the defendant attached the relevant documents to their respective memorandums on the exception.
In Saia v. Asher, XXXX-XXXX (La.App. 1st Cir.7/10/02), 825 So.2d 1257, 1260-1261, the *1040 trial court sustained a peremptory exception raising the objection of prescription at a hearing on both the exception and a motion for summary judgment. At the hearing, no arguments were heard, no evidence was introduced, and the trial court rendered judgment sustaining the exception. This court noted that the trial court erred in considering the materials attached to the memorandums in support of and in opposition to the exception raising the objection of prescription. However, since no objection to consideration of the evidence was made at the trial court level or on appeal and since the evidence was sufficient to allow the trial court to rule on the objection of prescription, this court held that it was sufficient to allow this court to review the trial court's decision on that issue. See also Ascension School Employees Credit Union v. Provost, Salter, Harper & Alford, L.L.C., XXXX-XXXX, p. 8 (La. App. 1st Cir.6/10/05), 916 So.2d 252, 257; Fontaine v. Roman Catholic Church of Archdiocese of New Orleans, 625 So.2d 548, 554 (La.App. 4th Cir.1993), writ denied, 93-2719 (La.1/28/94), 630 So.2d 787; Martin v. Mid-South Tank Utilities Co., 614 So.2d 319, 321 (La.App. 4th Cir.), writ denied, 616 So.2d 707 (La.1993) (where the court refused to strictly require that the trial court hold an evidentiary hearing on an exception raising the objection of prescription); and Scott v. Sears, Roebuck and Co., 99-0571 (La.App. 1st Cir.3/1/01) (unpublished, on rehearing).
The record in this matter reflects that the WCJ sustained the exception at a hearing on the objection of prescription. After the parties made their respective arguments and although the documents attached to the memorandums were not offered into evidence, the WCJ then stated that it had "reviewed the file and all of the record and all the attachments to the motions and oppositions, and ... [was] ready to rule." (Emphasis added.) Thus, it is apparent that the WCJ specifically considered the documents attached to the parties' memoranda in ruling on the prescription issue. Since the evidence in the record was reviewed by the WCJ in ruling on the objection of prescription and since there has been no objection to consideration of that evidence, that evidence should be reviewed by this court in reviewing the WCJ's decision in that regard, particularly in light of the fact that all the crucial evidence attached to the exceptionsand necessary for a determination of the issue of prescriptionwas not in dispute.
As previously noted, the documents attached to Ms. Torres's memorandum in opposition to the objection of prescription that are contained in the record clearly demonstrate that counsel for Ms. Torres was unable to file her claim because of the level of destruction sustained by their office during Hurricane Katrina and that they filed her claim as soon as practicable. Justice dictates that Ms. Torres should not be punished for the devastating effects of Hurricane Katrina. To conclude otherwise, as the majority has done, turns a blind eye to the legislature's intent that La. R.S. 9:5824 be liberally construed for the benefit and protection of the citizens of Louisiana and to prevent injustice, inequity, and undue hardship to persons who were prevented by Hurricane Katrina from timely access to courts and offices in the exercise of their legal rights.
Thus, I respectfully dissent.
NOTES
[1] The reason for the rule is evident. If mere attachment to a memorandum or brief confers admissibility on alleged evidence, the opposing party is prejudiced by the lost opportunity to confront and object to admissibility at the time the documents are offered as evidence. Greenfield v. Lykes Brothers Steamship Company, XXXX-XXXX, p. 7 (La.App. 1 Cir. 5/9/03), 848 So.2d 30, 33.
[2] This case does not involve a motion for summary judgment, for which certain attached documents are treated as properly admitted evidence. See LSA-C.C.P. arts. 966-967; Ascension School Employees Credit Union v. Provost, Salter, Harper & Alford, L.L.C., XXXX-XXXX (La.App. 1 Cir. 6/10/05), 916 So.2d 252; Saia v. Asher, XXXX-XXXX (La.App. 1 Cir. 7/10/02), 825 So.2d 1257.
[3] To the extent that Ms. Torres's argument to the WCJ can be characterized as a LSA-R.S. 9:5824B(2) defense to LSPC's exception of prescription, the record again lacks the necessary admissible evidence and Ms. Torres failed in her burden of proof to show that she was eligible for the additional extension. See Parker v. B & K Construction Company, Inc., XXXX-XXXX, pp. 5-6 (La.App. 4 Cir. 6/27/07), 962 So.2d 484, 487.