McCLENDON, J.
|2In this workers’ compensation case, the plaintiff, Linda Torres, appeals the workers’ compensation judge’s granting of a peremptory exception raising the objection of prescription filed by defendant, Louisiana Shrimp & Packing Company (LSPC). We affirm.
FACTUAL AND PROCEDURAL BACKGROUND
Ms. Torres alleged that the work-related accident occurred on November 24, 2004. Her disputed claim for compensation was filed with the Office of Workers’ Compensation Administration on October 12, 2007. LSPC filed an exception of prescription and a memorandum in support, to which was attached: a petition for tort damages, which had been filed in district court, naming the same parties and alleging essentially the same factual occurrence as the compensation claim, and a district court judgment dismissing the petition in tort based on the peremptory exception raising the objection of no cause of action. The petition exhibited a filing date of February 6, 2006.
*1036 In response to LSPC’s exception of prescription, Ms. Torres filed a memorandum in opposition. Attached to her memorandum were the following documents: the petition for tort damages showing the same filing date in district court of February 6, 2006; an exception of prescription filed by LSPC in the tort suit; LSPC’s memorandum in support of the exception; Ms. Torres’ motion in opposition to the exception; two affidavits, each from an attorney representing Ms. Torres in the tort suit and each outlining damage to their law office from Hurricane Katrina; a notice of filing supplemental exhibits by Ms. Torres; LSPC’s motion to dismiss the exception of prescription; the judgment of the district court dismissing the exception without prejudice; and the judgment dismissing the tort suit based on the failure to state a cause of action.
The parties orally argued, but no evidence was offered or introduced at the trial on the exception in the workers’ compensation case. After the trial, the workers’ compensation judge (WCJ) assigned the following oral reasons for her ruling: |a[W]hen prescription is brought in front of a workers’ compensation court, I am to basically check it out, look at everything, look at the dates.
It has prescribed on its face. When something on its face by the documents has prescribed, then the burden of proof goes to the opposing party to show that there’s been an interruption.
The injury is 11/24/04. And the 1008 [form for a disputed claim] in the Workers’ Compensation Court was filed 12/12/07. So, naturally, on its face, it looks like it has prescribed.
So then there are exceptions to the prescription rule. The opposing party would have to bring that up.
Further, the WCJ noted the final date of January 3, 2006, for the hurricane related limited extension of prescription, and mentioned the dismissal of the tort suit on the exception of no cause of action. Finally, after “reviewing all of the case law under the theory of prescription and reviewing the articles under prescription,” the WCJ granted the defendant’s exception of prescription in the workers’ compensation claim. By judgment signed on May 28, 2008, the disputed compensation claim was dismissed.
In her appellate brief, claimant-appellant, Ms. Torres, essentially asserts that the WCJ erred in finding that the tort suit had prescribed. The bases for that position include arguments that prescription was or should have been further extended in the tort suit under LSA-R.S. 9:5824, that the withdrawal by LSPC of its tort suit exception of prescription rendered the issue res judicata in the workers’ compensation claim, and that, because the WCJ had no authority to determine the prescription issue in the tort suit, the WCJ erred in finding that the tort suit had prescribed on its face.
However, at oral argument before this court, Ms. Torres’ counsel focused on an argument that the filing of the tort suit, which was at that time still pending at this court on appeal, interrupted the running of prescription in the workers’ compensation case. Thus, counsel argued, the disputed claim for compensation was timely filed.
INAPPLICABLE LEGAL PRECEPTS
All workers’ compensation claims for payments due to an injury or death are “barred unless within one year after the accident or death the parties have agreed upon the payments ..., or unless within one year after the accident a formal claim has been filed....” LSA-R.S. 23:1209 A. Initially, the burden of proving that prescription has run falls on the party asserting it. Boudreaux v. Angelo Iafrate Con *1037 struction, 2002-0992, p. 3 (La.App. 1 Cir. 2/14/03), 848 So.2d 3, 6. However, when a workers’ compensation claim has prescribed on its face, the burden is upon the claimant to prove the facts showing that the running of prescription was interrupted or suspended in some manner. Jonise v. Bologna Brothers, 2001-3230, p. 6 (La.6/21/02), 820 So.2d 460, 464; Boudreaux, 2002-0992 at p. 3, 848 So.2d at 6.
To meet the burden of proof on an exception of prescription, evidence maybe introduced at trial “to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition.” LSA-C.C.P. art. 931. However, evidence not properly “offered and introduced cannot be considered, even if it is physically placed in the record. Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal.” Denoux v. Vessel Management Services, Inc., 2007-2143, p. 6 (La.5/21/08), 983 So.2d 84, 88.[1] In the absence of evidence, the objection of prescription must be decided upon the facts alleged in the petition, and all allegations thereof are accepted as true. Scott v. Sears, Roebuck and Co., 99-0571, p. 5 (La. App. 1 Cir. 12/22/00), 778 So.2d 50, 53. In workers’ compensation cases, the factual findings are reviewed using the manifest error or clearly wrong standard. Mitchell v. Terrebonne Parish, School Board, 2002-1021, p. 3 (La.App. 1 Cir. 4/2/03), 843 So.2d 531, 532, unit denied, 2003-2275 (La.11/26/03), 860 So.2d 1135.
| ¿“Prescription that has commenced to accrue, but has not yet run, may be interrupted.” Lima v. Schmidt, 595 So.2d 624, 631 (La.1992). If prescription has run, there is nothing to interrupt. Pursuant to LSA-C.C. art. 3462, prescription may be interrupted by the filing of suit. The interruption “resulting from the filing of a suit ... within the prescriptive period continues as long as the suit is pending.” LSA-C.C. art. 3463 (emphasis added).
More specifically, prescription in a workers’ compensation claim may be interrupted or suspended by the timely filing of a tort suit against the employer based on the same occurrence. Kratzer v. PPM Contracters, Inc., 2000-2552, p. 3 (La.App. 1 Cir. 12/28/01), 803 So.2d 1147, 1148; see Isaac v. Lathan, 2001-2639, pp. 4-6 (La. App. 1 Cir. 11/8/02), 836 So.2d 191, 194-95 (and cases cited therein finding that a timely filed suit or claim interrupted prescription for a subsequent suit or claim); LSA-C.C. arts. 3462 & 3463.
ANALYSIS
Upon the filing of the defendant’s exception of prescription in the disputed claim for compensation, the WCJ had the authority and the duty to determine if the compensation claim was timely filed. Because the compensation claim was prescribed on its face, the burden of proof shifted to the claimant, Ms. Torres, to submit sufficient evidence of interruption or suspension of prescription. Thus, the issue before the WCJ was not whether the tort suit had actually prescribed, but whether the plaintiff had met her burden to prove an interruption or suspension of the running of prescription on the workers’ compensation claim. See, e.g., Kratzer, 2000-2552 at pp. 3-5, 803 So.2d at 1148-50. To decide whether Ms. Torres met her burden of proof, it was necessary for the *1038 WCJ to review any evidence introduced concerning the filing of the tort suit, the act on which the claim of interruption was based. See, e.g., Isaac, 2001-2639 at p. 6, 836 So.2d at 195; Kratzer, 2000-2552 at pp. 3-5, 803 So.2d at 1148-50.
After thoroughly reviewing the record before us, and assuming all of the relevant allegations in the disputed claim for compensation to be true, we find no error in the WCJ’s finding that, because the compensation claim had “prescribed |fion its face,” the burden shifted to Ms. Torres. Although the WCJ inadvertently cited in her oral reasons the wrong date for the filing of the disputed claim for compensation, a calculation based on the date of the injury, November of 2004, and the date of the compensation claim, October, 2007, established that the claim had prescribed on its face.
While we sympathize with the plight of Ms. Torres after Hurricane Katrina, the attachments to the memoranda by Ms. Torres and LSPC, not properly admitted into evidence, cannot be considered on appeal on the issue of prescription.[2] See Denoux, 2007-2143 at p. 6, 983 So.2d at 89. Thus, based on the lack of evidence in the record on the issue of the interruption of prescription in the compensation claim, we must conclude that Ms. Torres failed in her burden to prove an interruption or suspension of prescription in the compensation claim.[3] Therefore, we find no error in the WCJ’s grant of the exception of prescription.
For these reasons, we affirm the judgment of the Office of Workers’ Compensation Administration. The costs of the appeal are assessed to the appellant, Ms. Linda Torres.
AFFIRMED.
WELCH, J. dissents and assigns reasons.

. The reason for the rule is evident. If mere attachment to a memorandum or brief confers admissibility on alleged evidence, the opposing party is prejudiced by the lost opportunity to confront and object to admissibility at the time the documents are offered as evidence. Greenfield v. Lykes Brothers Steamship Company, 2002-1377, p. 7 (La.App. 1 Cir. 5/9/03), 848 So.2d 30, 33.

. This case does not involve a motion for summary judgment, for which certain attached documents are treated as properly admitted evidence. See LSA-C.C.P. arts. 966-967; Ascension School Employees Credit Union v. Provost, Salter, Harper & Alford, L.L.C., 2004-1227 (La.App. 1 Cir. 6/10/05), 916 So.2d 252; Saia v. Asher, 2001-1038 (La.App. 1 Cir. 7/10/02), 825 So.2d 1257.

. To die extent that Ms. Torres’s argument to the WCJ can be characterized as a LSA-R.S. 9:5824 B(2) defense to LSPC’s exception of prescription, the record again lacks the necessary admissible evidence and Ms. Torres failed in her burden of proof to show that she was eligible for the additional extension. See Parker v. B & K Construction Company, Inc., 2006-1465, pp. 5-6 (La.App. 4 Cir. 6/27/07), 962 So.2d 484, 487.