# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

CHARLES JOHNSON

VERSUS

STANTON'S APPLIANCE, LLC,
AND BRIDGEFIELD EMPLOYERS
INSURANCE COMPANY

NO.   2024 CW 0442

**JULY 29, 2024**

---

In Re:    Stanton's  Appliance,  LLC  and  Bridgefield  Employers
          Insurance  Company,  applying  for  supervisory  writs,
          Office of Workers' Compensation, District 05, No. 23-
          04268.

---

**BEFORE:   CHUTZ, GREENE, AND STROMBERG, JJ.**

   **WRIT GRANTED WITH ORDER.** The portion of the trial court's April
24, 2024 judgment, which denied the Exception of Prescription filed by
defendants,  Stanton's  Appliance,  LLC  and  Bridgefield  Employers
Insurance Company, as to the claims of Charles Johnson ("Johnson") for
medical benefits arising out of his alleged July 13, 2022 accident, is
reversed. Louisiana Revised Statutes 23:1209(C) states: "All claims for
medical  benefits  payable  pursuant  to  R.S.  23:1203  shall  be  forever
barred unless within one year after the accident or death the parties
have agreed upon the payments to be made under this Chapter, or unless
within one year after the accident a formal claim has been filed with
the office as provided in this Chapter. Where such payments have been
made in any case, this limitation shall not take effect until the
expiration of three years from the time of making the last payment of
medical benefits." This court has noted that the legislature has not
provided  for  a  developing  injury  exception  to  the  commencement  of
prescription on a claim for medical benefits, as it has done for a claim
for weekly benefits in La. R.S. 23:1209(A). See **Boudreaux v. Angelo
Iafrate Construction,** 2002-0992 (La. App. 1st Cir. 2/14/03), 848 So.2d
3, 8 n.3. Johnson's claim for medical benefits was filed on August 18,
2023 and was not made within one year of the date of the July 13, 2022
accident.  Furthermore,  his  Disputed  Claim  for  Compensation  form
discloses that "[n]o medical treatment has been authorized." Thus, we
conclude the time constraints in La. R.S. 23:1209(C) have not been
satisfied and Johnson's claim for medical expenses relating to the July
13, 2022 accident has prescribed. Accordingly, we grant the defendants'
Exception of Prescription as to the claim of Charles Johnson against
Stanton's Appliance, LLC and Bridgefield Employers Insurance Company
for medical benefits arising out of his alleged July 13, 2022 accident,
and we dismiss that claim. However, this matter is remanded to the trial
court with instructions to allow the plaintiff, Charles Johnson, the
opportunity to amend his Disputed Claim for Compensation to remove the
grounds of the objection, if he can, within a delay deemed reasonable
by the trial court. La. Code Civ. P. art. 934.

                                        WRC
                                        HG
                                        TPS

COURT OF APPEAL, FIRST CIRCUIT

_____
     DEPUTY CLERK OF COURT
       FOR THE COURT